**Ronald JOHNSON & Annie Washington, Appellants,**

v.

**The STATE of Texas.**

**Nos. 0956–01, 0957–01.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 11, 2002.

George Jacobs, Houston, for Appellant.

Betty Marshall, Asst. State Atty., Austin, Matthew Paul, State's Atty., Austin, for State.

## OPINION

HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, WOMACK, KEASLER, JJ., joined.

In this case we reaffirm the rule that a defendant's "general" notice of appeal from a plea-bargained conviction does not invoke the jurisdiction of the Court of Appeals.

After their motions to suppress evidence were denied, the appellants pled guilty to the charged drug offenses, pursuant to plea bargains which were honored by the trial court. The appellants filed "general" notices of appeal which, in relevant part, stated that the named appellant "excepting to the ruling of the court, filed this written notice of appeal of said conviction to the Court of Appeals pursuant to Texas Rule of Appellate Procedure 40(b)(1)."[1]

1. The applicable rule here, however, is Rule 25.2(b)(3), Texas Rules of Appellate Procedure, which provides that a defendant's notice of appeal from a plea-bargained conviction must (A) "specify that the appeal is for a jurisdictional defect;" or (B) "specify that the substance of the appeal was raised by written motion and ruled on before trial;" or (C) "state that the trial court granted permission to appeal."

The appellants claimed on appeal that their motions to suppress were erroneously denied. The State responded that appellants' "general" notices of appeal did not invoke the jurisdiction of the Court of Appeals to address the merits of appellants' nonjurisdictional claims. In each case the Court of Appeals decided that the appellants substantially complied with Rule 25.2(b)(3) because a handwritten notation on the trial court's judgment recited "11–16–98 'MTN. TO SUPPRESS'" close to a space marked "Notice of Appeal" and a November 16, 1998, docket entry stated that appellants "gave written notice of appeal as to *motion to suppress only*" (underlining in original). *See Johnson v. State*, 47 S.W.3d 701, 704 (Tex.App.-Houston [14th Dist.] [April 26,] 2001) ("[s]ubstantial compliance with [Rule 25.2(b)(3)] is sufficient to confer jurisdiction" and "judgment notation and the docket entry constitute[d] substantial compliance sufficient to confer jurisdiction" on court of appeals); *Washington v. State*, slip op. at 2–3, 2001 WL 421961 (Tex.App.-Houston [14th Dist.], No. 14–99–00007–CR, delivered April 26, 2001) (nonpublished) (same).

 We exercised our discretionary authority to review these decisions. Specifically, we granted review to address the following questions:

1. Is "substantial compliance" sufficient to satisfy the notice of appeal requirements of Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure?

Former Rule 40(b)(1), in relevant part, provided that, "in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea," a defendant's notice of appeal from a plea-bargained conviction "shall state that the trial court granted permission to appeal" or that "those matters [raised on appeal] were raised by written motion and ruled on before trial."

2. Do a judgment notation and a docket entry referring to the defendant's motion to suppress constitute "substantial compliance" sufficient to satisfy the notice of appeal requirements of Rule 25.2(b)(3)?

In *Lyon v. State* and *Davis v. State*, we held that a defendant's "general" notice of appeal from a plea-bargained conviction did not invoke the jurisdiction of the Court of Appeals to review nonjurisdictional claims under Former Rule 40(b)(1) (now Rule 25.2(b)(3)(B) & (C)). *See Lyon v. State*, 872 S.W.2d 732, 736 (Tex.Cr.App.), cert. denied, 512 U.S. 1209, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994); *Davis v. State*, 870 S.W.2d 43, 47 (Tex.Cr.App.1994). In *White v. State*, we unanimously held, consistent with *Lyon* and *Davis*, that a defendant's "general" notice of appeal from a plea-bargained conviction did not invoke the jurisdiction of the Court of Appeals to review jurisdictional claims under Rule 25.2(b)(3)(A). *See White v. State*, 61 S.W.3d 424, 429 (Tex.Cr.App.2001).[2] In *Riley v. State*, we decided that a plea-bargaining defendant's "general" notice of appeal, "coupled with the [trial] court's order" reciting the Rule 40(b)(1) "extra-notice" requirements for such a notice of appeal, "substantially complied with Rule 40(b)(1)" and, therefore, invoked the jurisdiction of the Court of Appeals to review nonjurisdictional claims. *See Riley v. State*, 825 S.W.2d 699, 700–01 (Tex.Cr.App.1992).

The appellants assert that the Court of Appeals had jurisdiction to review their claims under *Riley's* "substantial compliance" rule. We decide that a plea-bargaining defendant's notice of appeal that "substantially complies" with Rule 25.2(b)(3) invokes the jurisdiction of the Court of Appeals but that *Riley* and the Court of Appeals in these cases misapplied this "substantial compliance" rule.

A "general" notice of appeal, like those here, and in *Riley*, does not "substantially comply" with Rule 25.2(b)(3). *Cf. Missouri Pac. R.R. Co. v. Dallas County Appraisal Dist.*, 732 S.W.2d 717, 721 (Tex. App.-Dallas 1987, no writ) ("substantial compliance" means one has performed the "essential requirements" of a statute) (internal quotes omitted). As we have held in another context, "no compliance" is not "substantial compliance."[3] To claim that a notice of appeal is in "substantial compliance" when in fact the notice completely omits the required averments is to engage in a legal fiction.[4] *Riley* and the Court of Appeals in these cases misapplied the "substantial compliance" rule by looking elsewhere in the record beyond the notices of appeal themselves to decide that the Court of Appeals had jurisdiction. But, the notices of appeal themselves have to "substantially comply" with Rule 25.2(b)(3) to invoke the jurisdiction of the Court of Appeals. *See White*, 61 S.W.3d at 428 (appellate jurisdiction invoked by giving proper notice of appeal); *Lyon*, 872 S.W.2d at 734–36 (same); *Davis*, 870 S.W.2d at 46–47 (same).[5]

---

**2.** Under Former Rule 40(b)(1), a defendant's "general" notice of appeal from a plea-bargained conviction invoked the jurisdiction of the Court of Appeals to address jurisdictional claims. *See White*, 61 S.W.3d at 426–27.

**3.** *Cain v. State*, 947 S.W.2d 262, 263–64 (Tx. Cr.App.1997) (Texas Code of Criminal Procedure, Article 26.13 admonishments); *see also Morales v. State*, 872 S.W.2d 753, 754–55

(Tx.Cr.App.1994) and at 756 (Meyers, J., concurring).

**4.** *See Cain*, 947 S.W.2d at 264 ("To claim that an admonishment was in substantial compliance even though it was never given is a legal fiction").

**5.** We also note that the *dicta* in *Davis* that factually distinguished *Riley* did not constitute approval of *Riley's* application of the "sub-

The dissenting opinion suggests that (1) our adoption of rules of appellate procedure (Former Rule 40(b)(1) and current Rule 25.2(b)(3)), mandating the "extra-notice" requirements in the notice of appeal from a plea-bargained conviction, exceeded our limited legislatively-granted rule-making authority, and (2) our decisions in *White, Lyon* and *Davis* making these "extra-notice" requirements in the notice of appeal a jurisdictional requirement abridged the substantive rights of plea-bargaining defendants, because the "plain" language of the 1977 legislative amendments to Former Article 44.02 did not mandate these "extra-notice" requirements for a notice of appeal.[6] The dissenting opinion also suggests that cases such as *White, Lyon* and *Davis* are inconsistent with the legislative intent of the 1977 legislative amendments to Former Article 44.02.

Over the years we have fully considered these claims and have rejected them. *See, e.g., White*, 61 S.W.3d at 428; *Lyon*, 872 S.W.2d at 734–36; *Davis*, 870 S.W.2d at 46–47. We are not inclined to revisit them again. Any change in the law should come via legislative enactment or amendment to the rules of appellate procedure.

The judgments of the Court of Appeals are reversed and the appeals are dismissed.

JOHNSON, J., filed a dissenting opinion in which HOLCOMB, J., joined.

COCHRAN, J., filed a dissenting opinion in which PRICE, J., joined.

JOHNSON, J., filed a dissenting opinion in which HOLCOMB, J. joined.

I respectfully dissent. The record here shows an intent to appeal a pretrial motion and the trial court's knowledge of that intent; the record contains no indication that, with that knowledge, the trial court denied permission to appeal. The record shows substantial compliance with the requirements of Texas Rule of Appellate Procedure 25.2(b)(1). If the record indicates that the appellant has substantially complied with the rules, justice is ill-served when we demand that the factors which comprise "substantial compliance" be written on a particular piece of paper.

The current rule rewards liars. Nothing prevents an appellant from claiming a non-existent jurisdictional defect or a non-existent pretrial motion. Even if the trial court specifically denied permission to appeal, an appellant can falsely assert permission in the notice to appeal. In each of those situations, the court of appeals will examine the record to consider the merits. At that point, the lie may be discovered, but the court of appeals has still had to examine the record.

On the other hand, an appellant with a meritorious claim who is honest and does not falsely claim a Rule 25.2(b)(3) ground for appeal will have the appeal immediately dismissed for lack of jurisdiction. Likewise, the appeal of an appellant who, in fact, qualifies to appeal under Rule 25.2(b)(3), but whose notice fails to state

stantial compliance" rule. *See Davis*, 870 S.W.2d at 47. This *dicta* merely acknowledged that it was unnecessary in *Davis* to address whether *Riley* correctly applied the "substantial compliance" rule since *Davis* did not present the same facts as *Riley*.

**6.** *See* Act of August 26, 1985, 69th Leg., ch. 685, Sections 1–4, 1985 Tex. Gen. Laws, 2472–2475 (authorizing this Court to promul-

gate rules of procedure in criminal cases that do not abridge a litigant's substantive rights); Section 22.108(a), Tex. Gov't Cd., (rules promulgated by this Court cannot abridge the substantive rights of a litigant); *Lyon*, 872 S.W.2d at 737–42 (Clinton, J., dissenting); *Davis*, 870 S.W.2d at 47–51 (Clinton, J., dissenting).

the appropriate ground, will be immediately dismissed. In these circumstances, meritorious appeals will be summarily denied without consideration of the merits. The court of appeals may be spared examining the record on direct appeal, but a direct appeal denied returns as a writ of *habeas corpus*, and the record must still be reviewed. Instead of conserving judicial resources, the courts must expend those limited resources by processing two appeals rather than one.

I submit that a better use of those resources is to return to a general notice of appeal for all direct appeals. I would return the requirements of notice of appeal to its original state, a bare assertion that appeal is desired.

COCHRAN, J., filed a dissenting opinion in which PRICE, J., joined.

I respectfully dissent. I would address once again whether a plea-bargaining defendant who files a general notice of appeal may nonetheless invoke the appellate court's jurisdiction to review an adverse ruling on his pre-trial motion. In the present cases, the appellants' written notices of appeal did not explicitly state that they were appealing a pre-trial motion, but the Fourteenth Court of Appeals concluded, based upon its examination of the record, that the appellants had substantially complied with the "extra notice" requirements of Rule 25.2(b)(3) of the Rules of Appellate Procedure.[1] Under that rule, a simple statement such as, "The defendant files notice of appeal," invokes the appel-

late court's jurisdiction if the defendant is convicted after a trial. However, if a defendant pleads guilty pursuant to a plea bargain, Rule 25.2(b)(3) requires a defendant to include an "extra notice" in his notice of appeal, namely an explicit statement that he is appealing a pre-trial motion. The question before this Court is whether the extra notice provision of Rule 25.2(b)(3) is itself jurisdictional and therefore requires strict compliance, or whether it is a procedural housekeeping rule that is a prerequisite to invoke the jurisdiction of the appellate court for which substantial compliance may suffice.

In *Riley v. State*,[2] we recognized that substantial compliance with Rule 25.2(b)(3), rather than strict compliance, was sufficient to invoke the appellate court's jurisdiction. In the present cases, the State asks us to revisit and reject *Riley* in favor of a strict compliance rule.[3] I would conclude, however, that the Legislature has decreed that appellate court jurisdiction is based upon whether a plea-bargaining defendant is appealing an adverse ruling on a pretrial motion and not whether his notice of appeal explicitly states that he is doing so. Rule 25.2(b)(3) is a procedural housekeeping rule that this Court promulgated. It is not itself a jurisdictional necessity, but rather the mechanism—the key to the door—by which existing appellate jurisdiction is invoked. I would conclude that because the Fourteenth Court of Appeals did not err in concluding that appellants substantially

---

1. Unless otherwise indicated, all future references to "Rules" refer to the Texas Rules of Appellate Procedure.

2. 825 S.W.2d 699 (Tex.Crim.App.1992).

3. We granted the State Prosecuting Attorney's Petition for Discretionary Review to address the following questions:

1. Is "substantial compliance" sufficient to satisfy the notice of appeal requirements of Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure?

2. Do a judgment notation and a docket entry referring to the defendant's motion to suppress constitute "substantial compliance" sufficient to satisfy the notice of appeal requirements of Rule 25.2(b)(3)?

complied with the rule, we should affirm its holdings in these cases. *Johnson v. State,* 47 S.W.3d 701 (Tex.App.-Houston [14th Dist.] 2001); *Washington v. State,* No. 14–99–00007–CR (Tex.App.-Houston [14th Dist.] 2001).

## I.

In these two cases, the State charged appellants with felony possession with intent to deliver a controlled substance, namely cocaine, weighing at least 400 grams.[4] Each appellant filed identical pretrial motions to suppress evidence. After conducting a hearing, the trial judge denied those motions, and both appellants then pleaded guilty with a plea bargain agreement. The trial judge sentenced each appellant to twenty-five years in prison and a $1,000 fine. Their attorney completed and signed a pre-printed notice of appeal provided by the court. This form, entitled "Written Notice of Appeal," simply stated that each defendant, on November, 16, 1998:

> within thirty days of sentence having been pronounced in the above numbered and styled cause and, excepting to the ruling of the court, filed this written notice of appeal of said conviction to the Court of Appeals pursuant to Texas Rule of Appellate Procedure 40(b)(1).

There is no space on this preprinted form in which to provide additional information.[5]

The clerk's thirty-nine page record was filed with the court of appeals on January 15, 1999. On the front cover of this record, nicely centered, typed in capital letters, and highlighted in yellow, is the phrase: "MOTION TO SUPPRESS ONLY." [6] On page thirty of this record appears a copy of the second page of the judgment and sentence. A pre-printed line on the left hand side of page thirty has a space marked "Notice of Appeal," in which the handwritten words, "11–16–98 'Mtn to Suppress,'" appear. The last entry on the docket sheet reads: "Nov. 16 1998 Defendant gave written notice of appeal as to *motion to suppress only.* Attorney of record on appeal is George Jacobs." (underlining in original).

The court of appeals concluded that "the judgment notation and the docket entry constitute compliance sufficient to confer jurisdiction upon this court" under Rule 25.2(b)(3) and it therefore addressed the merits of the appeal. *Johnson,* 47 S.W.3d at 704. The court of appeals reversed the denial of the motion to suppress and remanded the case to the trial court. *Id.* We granted the State Prosecuting Attorney's petition for discretionary review to decide whether to overrule the "substantial compliance" rule set out in *Riley.*

## II.

The "extra notice" provision in Rule 25.2(b)(3) requires an explicit statement on the face of the written notice of appeal that a plea-bargaining defendant appeals: 1) a jurisdictional defect, 2) an adverse ruling

---

**4.** *See* TEX. HEALTH & SAFETY CODE § 481.112 (Vernon Supp.2001).

**5.** This is the same pre-printed form that Justice Cohen noted was deficient eight years ago in *Moreno v. State,* 866 S.W.2d 660, 664 n. 1 (Tex.App.-Houston [1st Dist.] 1993, no pet.):
> the form notice of appeal in this case was prepared and furnished by the Harris County District Clerk for use by attorneys in the courtroom. It contains no place for an attorney to write in that the judge allowed the appeal or overruled the motions. Cer-

tainly, it is not the job of the district clerk or the judge to represent the appellant or to practice law by drafting necessary forms. But neither should the court's own personnel create stumbling blocks by offering, and thereby encouraging the use of, defective forms.

**6.** The court of appeals did not note this fact in its discussion of "substantial compliance," though it certainly provides additional support for that court's conclusion.

from a written pretrial motion, or 3) with permission of the trial court. The issue is whether this extra notice provision is itself a jurisdictional requirement, which requires strict compliance, or whether it is a procedural prerequisite for which substantial compliance may suffice.

Since 1986 this Court has frequently addressed whether or not a plea-bargaining defendant invokes a court of appeals' jurisdiction if his written notice of appeal does not expressly state the jurisdictional basis for his appeal—i.e., that he is appealing a jurisdictional defect, with permission of the trial court, or the ruling on a written pretrial motion. Some of our cases have said that jurisdiction (or at least cognizability of claims) depends upon the form of the written notice,[7] while some have said it does not.[8] We engendered great confusion within our own Court and within the courts of appeals as a consequence. As Presiding Judge McCormick commented with remarkable understatement: "Our caselaw on how a defendant, in an appeal from a plea-bargained conviction, confers jurisdiction on a Court of Appeals to address certain issues is not exactly a model of clarity and concise legal analysis." [9] He's right.

This Court's difficulty with the issue arises in part from the statutory nature of a criminal defendant's right to appeal. To resolve the present issue, we should examine the origin and evolution of Rule 25.2(b)(3) in the context of a criminal defendant's right to appeal.

## A. A Defendant's Right to Appeal Before 1977.

In Texas, a defendant's right to appeal is solely statutory; its nature and scope is

7. See, e.g., Woods v. State, 68 S.W.3d 667, 669 (Tex.Crim.App.2002); White v. State, 61 S.W.3d 424, 427–29 (Tex.Crim.App.2001) (stating that "Rule 25.2(b)(3)(A) is simply a procedural requirement that must be followed to properly invoke an appellate court's jurisdiction"); Davis v. State, 870 S.W.2d 43, 46 (Tex.Crim.App.1994) ("[a] 'general' notice of appeal is insufficient to confer jurisdiction on a Court of Appeals to review a trial court's ruling on a pretrial suppression motion from a conviction based on a negotiated plea bargain"); Jones v. State, 796 S.W.2d 183, 186 (Tex.Crim.App.1990) (written notice of appeal must contain statement that plea-bargaining defendant is appealing ruling on written pretrial motion to invoke appellate court jurisdiction); compare id. at 188 (Teague, J., dissenting) ("[t]he defect [in the notice of appeal] did not go to jurisdiction; it went to a failure to comply with a procedural rule of law. It should therefore be obvious to almost anyone that attempting to take advantage of a 'technicality' in the law is not just reserved for defendants").

8. See, e.g., Miles v. State, 842 S.W.2d 278, 279 n. 1 (Tex.Crim.App.1989) (strict compliance with Rule 40(b)(1) not mandatory; merely filing appeal bond was sufficient to constitute a notice of appeal); Lemmons v. State, 818 S.W.2d 58, 60 (Tex.Crim.App.1991) (giving notice of appeal invokes appellate jurisdiction and perfects appeal regardless of Rule 40(b)(1) requirements); see also id. at 63 (Campbell, J., concurring) (stating that "the 'but' clause of Rule 40(b)(1) is not a jurisdictional prerequisite" and noting that "[w]hat the Court mistakenly created, it can abolish") (emphasis in original).

9. Lyon v. State, 872 S.W.2d 732, 734 (Tex. Crim.App.1994). Presiding Judge McCormick also noted some of this Court's more colorful descriptions of Rule 40(b)(1)'s "extra notice" requirement and its deleterious impact on Texas jurisprudence:

 Morris v. State, 749 S.W.2d 772, 778, 778–80 (Tex.Crim.App.1986) (Clinton, J., dissenting) ("Appellant has been blindsided!"); Morgan v. State, 688 S.W.2d 504, 507 (Tex. Crim.App.1985) ("some [defendants] have 'successfully navigated the procedurally hazardous passageway of [former Rule 40(b)(1)]'... but most have failed to steer clear of rocks and shoals"); Morgan, 688 S.W.2d at 508–24 (Onion, P.J., dissenting); King v. State, 687 S.W.2d 762, 764–66 (Tex. Cr.App.1985); King, 687 S.W.2d at 767 (Teague, J., dissenting) ("Color me not only amazed, but do it in chartreuse").

wholly within the Legislature's control.[10] There is no federal constitutional right to a direct appeal of a state criminal conviction,[11] nor does the Texas Constitution directly grant a defendant a right to appeal a criminal conviction.[12]

Until 1977, a criminal defendant had a very broad statutory right of appeal under article 44.02 and its forerunners, regardless of his plea.[13] Neither a trial judge nor this Court had statutory authority to restrict the defendant's right to appeal his conviction.[14] Under what became known as the *Helms* rule, however, this Court judicially curtailed review of claims brought by plea-bargaining defendants, holding that a guilty plea waived all nonjurisdictional defects in the trial court.[15] Thus, a plea-bargaining defendant could not appeal un-

less he raised a jurisdictional issue that made his conviction "void."

### B. The 1977 Legislative Reaction to the Helms *Rule.*

In 1977, the Texas Legislature amended article 44.02 to read:

A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, *provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his*

---

**10.** *See Ex parte Paprskar,* 573 S.W.2d 525, 528 (Tex.Crim.App.1978) ("[i]t is well settled in this State that the right to appeal generally is a statutory right"). In *Morgan v. State,* Presiding Judge Onion noted:

Thus appeals are within the control of the Legislature. "In the exercise of its powers, the Legislature may impose proper restrictions on the right of appeal, prescribe regulations in regard to appellate jurisdiction, and promulgate rules to be observed in prosecuting an appeal." 21 Tex. Jur. 3rd, Crim. Law, § 1606, p. 404.

*Morgan v. State,* 688 S.W.2d 504, 510 (Tex. Crim.App.1985) (Onion, P.J., dissenting).

**11.** *See Griffin v. Illinois,* 351 U.S. 12, 18, 76 S.Ct. 585, 100 L.Ed. 891 (1956) ("a State is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all").

**12.** *Jones v. State,* 630 S.W.2d 353, 355 (Tex. Crim.App.1983) ("[t]he right to appeal in Texas is statutory, not constitutional"). The Texas Constitution does set out the appellate jurisdiction of both the Court of Criminal Appeals and the Courts of Appeals. *See* Tex. Const., Art. V, § 5 (providing for criminal appellate jurisdiction in the Court of Criminal Appeals); Tex. Const., Art. V, § 6 (providing for appellate jurisdiction of courts of appeals).

**13.** Prior to the 1977 amendments, article 44.02 read:

A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed.

Former articles of the 1925 Code of Criminal Procedure provided a criminal defendant with an equally broad statutory right of appeal. *See Young v. State,* 146 Tex.Crim. 220, 172 S.W.2d 500, 501 (1943) ("[t]he right of appeal, where authorized, is a valuable right and should be denied only where the express mandate of the law so provides"); *Navarro v. State,* 141 Tex.Crim. 196, 147 S.W.2d 1081, 1084 (1941) ("[a]n accused may appeal his case although he entered a plea of guilty"); *Chumbley v. State,* 137 Tex.Crim. 491, 132 S.W.2d 417, 417 (1939) ("[e]very person who takes an appeal from a conviction in the county or district court over which [an appellate court] has been given jurisdiction is legally entitled to have his case reviewed").

**14.** *See Lyon v. State,* 872 S.W.2d 732, 734 (Tex.Crim.App.1994) ("Before 1977, a defendant in a criminal action had a general right to appeal anything").

**15.** *See Helms v. State,* 484 S.W.2d 925 (Tex. Crim.App.1972); *see also Young v. State,* 8 S.W.3d 656, 661–65 (Tex.Crim.App.2000) (discussing history of *Helms* rule and limiting its application).

*attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial.*[16]

This Court interpreted the legislative amendment both to statutorily limit the *Helms* rule regarding some negotiated pleas and to re-affirm the right of a plea-bargaining defendant's right to appeal certain matters.[17] The amendment's central purpose was to conserve judicial resources by allowing appellate courts to address some legal issues on their merits in negotiated plea situations. Amended article 44.02 avoided the necessity of holding a full trial simply to enable a defendant to preserve a viable legal issue for appeal.[18] The law fairly balanced an admittedly guilty defendant's interest in seeking appellate review of a discrete legal issue against the societal and judicial cost of requiring a full trial with a foregone conclusion, simply to preserve that discrete legal issue for appellate review.[19]

The amendment's practical effect was to statutorily limit the appellate courts' jurisdiction.[20] Under amended article 44.02, a plea-bargaining defendant had no right to appeal unless: 1) the trial judge gave him permission; or 2) he appealed a ruling on a written pre-trial motion.[21] The Legislature had constitutional authority to statutorily limit appellate jurisdiction and it did so when it amended article 44.02.

That 1977 amendment, however, said nothing about what a defendant's notice of

---

**16.** Act of June 10, 1977, 65th Leg., R.S., ch. 351, § 1, 1977 Tex. Gen. Laws 940 (amendment italicized).

**17.** As explained by Presiding Judge McCormick:

[T]he *Helms* rule discouraged guilty pleas, and caused a defendant, who wanted to preserve his appellate issues, to force the State to a full trial on the merits. Apparently, this cost the State a lot of money. *Lyon v. State*, 872 S.W.2d at 734 (citations omitted). Thus, the amendment to article 44.02

was a limited abrogation of the *Helms* rule; it allowed some appellate issues to be addressed on their merits in negotiated plea situations where the *Helms* rule otherwise applied in order "to conserve judicial resources by encouraging guilty pleas," and to prevent "windy" appeals.

*Id.* at 735. As explained by Judge Clinton:

The amendment to Article 44.02 was ... manifestly permissive. The Legislature granted an unlimited right of appeal in originally enacting Article 44.02; this Court manufactured a limit to that right by its importation of the *Helms* rule; the Legislature then soundly rapped our collective knuckles by abrogating the *Helms* rule in causes arising from a negotiated plea. The 1977 amendment was not intended as a restriction on a defendant's right of appeal; it was, instead, an attempt by the Legislature to remove a restriction on that right created by this Court.

*Id.* at 739 (Clinton, J., dissenting) (citations omitted); *see also Ferguson v. State*, 571 S.W.2d 908, 910 (Tex.Crim.App.1978) ("[t]he legislature appears to have abrogated this [*Helms*] rule regarding the effect of a guilty plea in cases of plea bargains, as is its prerogative").

**18.** *Lyon*, 872 S.W.2d at 735.

**19.** *See Morgan v. State*, 688 S.W.2d 504, 507 (Tex.Crim.App.1985).

**20.** In *Morgan*, Presiding Judge Onion discussed the legislative history of the amendment to article 44.02 and concluded that "the main thrust of the amendment was, of course, to eliminate as many appeals as possible and reduce the appellate caseload," 35–40% of which, at that time, was composed of appeals of guilty pleas. 688 S.W.2d at 514–15.

**21.** Article 44.02 did not expressly address whether a plea-bargaining defendant could appeal jurisdictional defects. That legislative omission increased the number of appeals alleging that the plea-bargained conviction contained a jurisdictional defect and thus was "void." Understandably, the term "void" was frequently invoked as a mechanism to surmount the *Helms* bar.

appeal must contain. Traditionally, an appellate court's jurisdiction is invoked whenever a criminal defendant gives timely notice of appeal.[22] The amendment to article 44.02 did not change that rule in any way. Under article 44.02, the *record* had to reflect that the defendant met the jurisdictional prerequisites before an appellate court could address the merits of his claims.[23] Further, article 44.02 did not prescribe that a defendant's notice of appeal must contain any specific language.

Simply giving notice of appeal invoked and perfected appeal.[24]

### C. This Court's Promulgation of Rule 40(b)(1).

In 1985, the Legislature granted this Court limited authority to promulgate rules of evidence and rules of appellate procedure.[25] The Legislature expressly provided, however, that this Court could not promulgate any rules that would

---

**22.** *See* Tex.Code Crim. Proc. art. 44.08(a) (Vernon 1979) (repealed); *see also id.,* Special Commentary by Hon. John F. Onion, Jr. to 1965 Code. As Presiding Judge Onion noted, a defendant substantially complied with the notice of appeal requirement if there was *some* indication in the record—in the court reporter's record, the judgment and sentence, the docket sheet, or any other record item—that the defendant gave notice of appeal:

> Notice of appeal to the Court of Criminal Appeals may now be given orally in open court or in writing filed with the clerk. Such notice is sufficient if it shows the desire of the defendant to appeal. A written notice filed within the time limit set is sufficient as well as any judgment, sentence, court or docket entry in the record showing notice of appeal was given.
> . . .
> The method of giving notice of appeal has been liberalized and made less technical and the time limits have been spelled out and made consistent with other changes in appellate procedure and probation procedures.

**23.** *See, e.g., Galitz v. State,* 617 S.W.2d 949, 951 (Tex.Crim.App.1981) (art. 44.02 "places a burden on one who would appeal from a negotiated proceeding before the Court to *make manifest upon the record* the following requisites in order to invoke the jurisdiction of this Court . . .") (emphasis added); *see also Padgett v. State,* 764 S.W.2d 239, 240 (Tex. Crim.App.1989) (quoting *Galitz* and reiterating that *the record* must show compliance with art. 44.02 requirements); *Morris v. State,* 749 S.W.2d 772, 773 (Tex.Crim.App.1986) ("examination *of the record* shows that the parties made clear to the trial court that appellant desired to appeal on matters raised by

motion prior to trial," thus plea-bargaining defendant could not raise sufficiency of the evidence claims) (emphasis added); *Morgan v. State,* 688 S.W.2d 504, 506 (Tex.Crim.App. 1985) (noting that *"the record* of the plea hearing revealed it to be the understanding and agreement of all concerned" that defendant could appeal adverse ruling on motion to suppress) (emphasis added); *Haney v. State,* 588 S.W.2d 913, 914 (Tex.Crim.App.1979) ("[t]he issue of the legality of the search was raised by written motion filed prior to trial, however, and we therefore have jurisdiction to entertain this appeal"; no mention of wording of notice of appeal); *Ferguson v. State,* 571 S.W.2d 908, 909 (Tex.Crim.App. 1978) (when *"[t]he record* affirmatively reflects . . . that the trial court gave permission to appellant to bring this appeal," appellate court has jurisdiction under art. 44.02) (emphasis added).

**24.** *See Carter v. State,* 656 S.W.2d 468, 469 (Tex.Crim.App.1983) ("[j]urisdiction of an appellate court in Texas is invoked in a criminal case by giving notice of appeal against a judgment of the trial court pursuant to article 44.08."). As this Court stated: "Once jurisdiction of an appellate court is invoked, exercise of its reviewing functions is limited only by its own discretion or a valid restrictive statute." *Id.* The 1977 legislative amendment to article 44.02 was one such "valid restrictive statute." *See also Lemmons v. State,* 818 S.W.2d 58, 60 (Tex.Crim.App.1991) (quoting and relying upon *Carter* in discussing Rule 40(b)(1)).

**25.** *See* Act of August 26, 1985, 69th Leg., ch. 685, §§ 1–4, 1985 Tex. Gen. Laws 2472–2475 (authorizing this Court to promulgate rules of procedure and evidence in criminal cases).

**668**

"abridge, enlarge or modify the substantive rights of a litigant." [26] A defendant's statutory right to invoke the jurisdiction of a court is just such a substantive right, although the Legislature may choose to limit it.[27] Thus, our rules of appellate procedure may only regulate the manner and mode of pursuing an appeal; they may not create, destroy, or limit the substantive right of appeal.[28]

Pursuant to that limited rule-making authority, in 1986 this Court joined the Texas Supreme Court to promulgate the Texas Rules of Appellate Procedure.[29] One of those new rules was Rule 40(b)(1), which stated:

> [I]f the judgment was rendered upon [a] plea of guilty or nolo contendere ..., and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea *the notice shall state* that the trial court granted permission to appeal or shall specify that those matters were raised by written motion

and ruled on before trial.... (emphasis added).

This rule of appellate procedure neither *created nor destroyed legislatively-determined* jurisdiction. It did, however, act as a procedural "extra notice" requirement and as a prerequisite to appellate court consideration of the merits of a plea-bargaining defendant's otherwise proper appeal. This distinction might seem picayune, but in fact it is critical. Jurisdiction either exists or it does not. There is no such legal concept as "a little bit" of jurisdiction or "substantial compliance" with jurisdiction. It is strictly necessary and strictly construed. On the other hand, a procedural rule which regulates the manner in which a court's existing jurisdiction is invoked may be either strictly applied or applied more liberally to achieve the purposes sought by that rule. Depending upon the particular rule and specific occasion, courts may require either "strict compliance" or "substantial compliance" with such procedural requirements.

The "extra notice" requirement in former Rule 40(b)(1) (now 25.2(b)(3)) may be an appropriate procedural prerequisite.[30]

**26.** *See id.* § 1; *see also* Tex. Gov't Code § 22.108(a) (stating that rules promulgated by this Court cannot "abridge ... the substantive rights of a litigant").

**27.** *Lyon v. State,* 872 S.W.2d at 734 ("[t]he right to appeal a criminal conviction is a substantive right solely within the province of the legislature").

**28.** For example, suppose this Court promulgated an appellate rule that required all plea-bargaining defendants to file a notice of appeal on red paper. This rule would purportedly assist appellate courts to immediately distinguish plea-bargain appeals from all other criminal appeals. Because the Legislature did not enact this limitation, it is not itself a jurisdictional requirement. But that "red paper" rule does act as a procedural prerequisite to consideration of a plea-bargaining defendant's appeal. It is a rule which regulates

the manner or mode by which the existing jurisdiction of the appellate court is properly invoked and without which the appellate court may not consider the merits of a plea-bargaining defendant's appeal.

**29.** 49 Tex. B.J. 556 (Tex.1986).

**30.** It might assist an appellate court to be advised up-front that a particular criminal appeal involves only certain, specified matters. On the other hand, one might reasonably question the helpfulness of this information. Surely, no appellate court accepts the contents of a notice of appeal as gospel. It checks the entire record after that record is filed to verify the accuracy of assertions in a notice of appeal. Before evaluating the merits of any appellate claim concerning a criminal conviction, the appellate court verifies the judgment and sentence and reads the docket

This Court has never explained a rationale for requiring strict compliance in the *notice* of appeal, and indeed I cannot discern one today.[31]

### D. This Court's Promulgation of Rule 25.2(b)(3).

In 1997, this Court again joined the Texas Supreme Court in promulgating the revised Texas Rules of Appellate Procedure. Former Rule 40(b)(1) became the current Rule 25.2(b)(3), and although Rule 25.2(b)(3)'s wording differs slightly from that in former Rule 40(b)(1), its substance is the same. It reads:

(3) But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:

(A) specify that the appeal is for a jurisdictional defect;

(B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

(C) state that the trial court granted permission to appeal.

Unlike the corresponding civil rule, Rule 25.1(b) which explicitly states that the filing of a written notice of appeal invests the appellate court with jurisdiction,[32] the criminal rule is silent on the matter of jurisdiction. However, one need only refer to the 1977 legislative amendments to article 44.02 to see that the form of the written notice of appeal does not itself create or defeat jurisdiction in a plea-bargained case.

### E. Riley *and the Substantial Compliance Rule.*

Perhaps recognizing that the Rule 40(b)(1) "extra notice" requirement was not itself a jurisdictional requirement, but rather a procedural means to invoke appellate jurisdiction, this Court decided, in *Riley v. State,*[33] that "substantial compliance" with the notice of appeal rule sufficed.

---

sheet. It inspects the clerk's record and any reporter's record before determining whether it has jurisdiction over the appeal and whether the appeal presents any meritorious claims. Because the appellate court must conduct this review regardless of what the notice of appeal asserts, one cannot persuasively argue that this housekeeping rule serves its intended purpose.

**31.** Read literally, the rule leads to absurd results. The rule's language implies that if a plea-bargaining defendant expressly states in his notice of appeal that he has permission of the trial court or that he is appealing a ruling on a pretrial motion, the appellate court could address the merits of his appeal regardless of whether he is, *in fact,* appealing a pretrial motion ruling or whether he actually *does* have the permission of the trial court.

Moreover, whatever practical purpose the rule might serve would be obviated by the simple solution of mass-producing one preprinted form which repeats, verbatim, Rule 25.2(b) and article 44.01, leaving a space for

the date of filing, a box to check whether it is a State's or defendant's appeal, and a place for the signature of either the defendant or the district attorney. This solution would, at least, have the advantage of ensuring that neither the defendant nor the State ever inadvertently lost the opportunity to present the merits of its appeal because of a technically deficient notice of appeal.

**32.** Tex.R.App. P. 25.1(b) reads:

**(b) Jurisdiction of appellate court.** The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from. Any party's failure to take any other step required by these rules, including the failure of another party to perfect an appeal under (c), does not deprive the appellate court of jurisdiction but is ground only for the appellate court to act appropriately, including dismissing the appeal.

**33.** 825 S.W.2d 699 (Tex.Crim.App.1992).

Under *Riley*, if the court of appeals could easily discern *from the record* that a plea-bargaining defendant met the jurisdictional prerequisites, then a general notice of appeal would substantially comply with the requirements of Rule 40(b)(1) (now Rule 25.2(b)(3)).[34]

## F. The Post–Riley era.

Nevertheless, this Court's decision in *Riley* has not ended the debate. The courts of appeals continue to grapple with two issues concerning the "extra notice" requirement. First, was Riley's "substantial compliance" rule overturned *sub silentio* by several recent decisions from this Court, including *Cooper v. State*[35] and *State v. Riewe?*[36] Second, if this Court has not overturned *Riley*, what constitutes "substantial" compliance? [37]

**34.** 825 S.W.2d at 701. This Court, in *Riley*, stated:

> Even though the notice of appeal did not incorporate the order, either by reference or physically, the existence of the order, timely filed in the appellate record, is sufficient to permit the Court of Appeals to ascertain that it could address non-jurisdictional defects.
>
> We hold that, under the facts of this case, when all the information required by Rule 40(b)(1) is contained in an order by the trial court and the order is in the appellate record along with a timely filed a notice of appeal, the Court of Appeals has jurisdiction to address jurisdictional and also those non-jurisdictional defects recited in the order.
>
> Appellant's notice of appeal coupled with the court's order substantially complied with Rule 40(b)(1) to permit review of properly preserved non-jurisdictional issues. The Court of Appeals did not err in reviewing the trial court's denial of appellant's pre-trial motion to suppress.

Even before this Court announced its "substantial compliance" rule in *Riley*, some intermediate courts of appeals had recognized that a notice to appeal which is deficient under Rule 40(b)(1) may suffice when the trial record clearly shows that a defendant's appeal qualifies under the rule. *See, e.g., Francis v. State*, 774 S.W.2d 768, 770 (Tex.App.-Corpus Christi 1989, no pet.) ("the record in this case shows that the trial court specifically gave appellant permission to appeal the 'pretrial motion hearings' at the time the plea was entered. In addition, appellant's counsel specifically noted that he would appeal the motion-for-continuance ruling. The written plea agreement shows that appellant reserved his right to appeal the motion for continuance, as does the trial court's docket sheet.... Under such circumstances the State could not have been misled by appellant's failure to strictly comply with Rule 40(b)(1). The trial court granted appellant permission to appeal in open court, and the plea agreement setting out appellant's intention to appeal the continuance ruling was signed by the State. We therefore overrule the State's challenge to our jurisdiction").

Other courts of appeals had responded to a defective notice of appeal by permitting a late amendment to the notice of appeal under former Rule 83 or by suspending Rule 40(b)(1) under former Rule 2(b). *See e.g., Berger v. State*, 780 S.W.2d 321, 322–23 (Tex.App.Austin 1989, no pet.); *Jones v. State*, 762 S.W.2d 330, 330–31 (Tex.App.Austin 1988), *rev'd in part*, 796 S.W.2d 183 (Tex. Crim.App.1990); *Jiles v. State*, 751 S.W.2d 620, 621–22 (Tex.App.-Houston [1st Dist.] 1988, pet. ref'd); *Campbell v. State*, 747 S.W.2d 65, 66–67 (Tex.App.-Houston [1st Dist.] 1988, no pet.).

**35.** 45 S.W.3d 77 (Tex.Crim.App.2001).

**36.** 13 S.W.3d 408 (Tex.Crim.App.2000).

**37.** For example, in *Finch v. State*, 66 S.W.3d 323, 324–26 (Tex.App.-Fort Worth 2001, n.p.h) the court found substantial compliance when the defendant's reservation of his right to appeal rulings on his pretrial motions appeared in several places in the clerk's record the written plea admonishments, the plea bargain agreement, the trial court's certificate of proceedings, and the judgment. In *Miller v. State*, 11 S.W.3d 345, 347 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd), and *Gomes v. State*, 9 S.W.3d 170, 171–72 (Tex.App.Houston [14th Dist.] 1999, no pet.), courts found substantial compliance from (1) a handwritten notation on the general notice of appeal,

First, in contrast to the State's assertion, both *Cooper* and *Riewe* are consistent with the conclusion that the "extra notice" requirements of Rule 25.2(b)(3) are not themselves jurisdictional. In *Cooper*, for example, this Court held that a plea-bargaining defendant may not appeal the voluntariness of his plea because "such an appeal was forbidden by an act of the legislature in 1977, and that our rules do not, and may not, allow such an appeal." [38] In other words, the same amendment that explicitly conferred appellate court jurisdiction over an appeal by a plea-bargaining defendant who either has the trial court's permission or is appealing an adverse ruling on a pretrial motion, denied, by implication, jurisdiction over that defendant's claim of an involuntary plea. Because the Legislature did not add a third basis for appeal—i.e., the voluntariness of the plea—the appellate court cannot enlarge its jurisdiction to address that claim. The present situation is precisely the reverse: the Legislature *did* expressly confer jurisdiction on Texas appellate courts to address the merits of a plea-bargaining defendant's appeal of an adverse ruling on a pretrial motion. Just as this Court's rules of appellate procedure could not *enlarge* jurisdiction in *Cooper*, they cannot *limit* jurisdiction in these cases. *Cooper* dealt solely with the question of whether appellate jurisdiction *exists* to consider the voluntariness of a plea-bargain, not whether the existing jurisdiction was properly invoked by an adequate notice of appeal.

In *Riewe*, this Court held that, in an appeal by the State, the certification requirement of article 44.01 is a jurisdictional prerequisite and thus must appear within the notice of appeal itself.[39] The Court reasoned that the Legislature, by statutorily enacting the certification requirement, intended that it serve as a jurisdictional prerequisite, and thus appellate courts could not use "an appellate rule to create jurisdiction where none exists." [40] Under *Riewe*, if the contents of the notice of appeal are set in a Legislative statute as a jurisdictional prerequisite, then those re-

---

which was signed by the trial judge, (2) an entry on the trial court's docket sheets, and (3) in *Gomes*, a notation on the judgment, or (4) in *Miller*, the trial court's statement on the record, all of which indicated that the appellants were appealing the trial courts' rulings on their motions to suppress.

Conversely, the courts of appeals have also found insufficient substantial compliance with the rule. *See, e.g., Lowry v. State*, 48 S.W.3d 309, 311 (Tex.App.-San Antonio 2001, no pet.) (no substantial compliance when only record indication was in a form stamped onto the docket sheet stating defendant was admonished regarding the limitations on her right to appeal; this was not evidence that "trial court gave [defendant] permission to appeal the ruling on the motion to suppress" or that she intended to appeal that ruling); *Rodriguez v. State*, 844 S.W.2d 905, 910 (Tex.App.—San Antonio 1993, pet. ref'd) (docket sheet entries and other instruments found in the appellate record do not constitute substantial compliance with Rule 40(b)(1)).

**38.** 45 S.W.3d at 77.

**39.** 13 S.W.3d at 411.

**40.** *Id.* at 413. Of course, if the "substantial compliance" rule in *Riley* applies to a defendant's notice of appeal, logically it should also apply, in an appropriate case, to the State's notice of appeal. For example, Judge Womack, in his concurring opinion in *Riewe*, stated:

> I believe that if the State had filed the amended notice of appeal before it filed its brief, as Rule of Appellate Procedure 25.2(d) requires, the appeal would have been proper. I do not agree that that rule enlarges the substantive time within which a party may exercise the right.

*Id.* at 414 (Womack, J., concurring). The majority in *Riewe* rejected this suggestion because it found that the Legislature had statutorily limited appellate jurisdiction to only those instances in which the State expressly and strictly complied with article 44.01. I agree with Judge Womack.

quirements must be met before appellate jurisdiction exists.

These cases re-emphasize the point that this Court cannot use rules of appellate procedure to either enlarge or limit statutorily conferred jurisdiction. Because the Legislature expressly *granted* appellate jurisdiction over the appeals of plea-bargaining defendants who either had the permission of the trial court or who appealed a pretrial motion, our rules of appellate procedure cannot limit that jurisdiction. Thus our "extra notice" requirement in Rule 25.2(b)(3) could not and did not limit the statutory jurisdiction of appellate courts, although that rule certainly may regulate the mode and method of invoking pre-existing appellate jurisdiction.

More recently still, we have, on at least two occasions, built upon our previous rulings and held that the failure to comply with the extra-notice requirements of Rule 25.2(b) "fails to invoke the jurisdiction of the appellate court." [41] This court was virtually unanimous in those cases and in following our prior holdings. Unfortunately, we followed those prior holdings without examining afresh the Legislature's 1977 statutory amendment to art. 44.02. It might have been more precise to state that the defective notices of appeal failed to invoke the *pre-existing* jurisdiction of the courts of appeal. By analogy, the house of jurisdiction was available for those appellants' use, but they did not use the required key to open the door. More importantly, those cases did not involve any question of substantial compliance with Rule 25.2(b)(3). Thus, though those cases were correctly decided, they should not be dispositive of the present issue: When and to what extent does substantial compliance with a procedural prerequisite invoke the appellate court's pre-existing jurisdiction? By analogy, does the key to open the door of appellate jurisdiction have to be a perfect fit or will a skeleton key suffice? This Court, in *Riley,* held that the door may be opened with an imperfect key. Today we should reaffirm that rule.

The second issue facing litigants and appellate courts is the definition of "substantial compliance" under Riley. I conclude that the cases decided under former article 44.02 provide an appropriate guidance. Those cases held that our appellate courts have jurisdiction to address the merits of a plea-bargaining defendant's appeal if the trial court record *clearly* demonstrates that the requirements of the provision have been met.[42] Thus, I would hold that a general notice of appeal, coupled with clear record 1) evidence, 2) rulings, 3) orders, or 4) notations that the plea-bargaining defendant is appealing a written pretrial motion, constitutes substantial compliance with Rule 25.2(b)(3).[43]

**41.** *White v. State,* 61 S.W.3d 424, 429 (Tex. Crim.App.2001); *see also Woods v. State,* 68 S.W.3d 667, 669 (Tex.Crim.App.2002) ("[t]he failure of an appellant to follow Rule 25.2(b)(3) deprives an appellate court of jurisdiction over the appeal").

**42.** *See supra* note 24.

**43.** An alternate mode of substantial compliance with this procedural rule is set out in Rule 25.2(d) itself:

(d) *Amending the Notice.* An amended notice of appeal correcting a defect or omission in an earlier filed notice may be filed in the appellate court at any time before the appellant's brief is filed. The amended notice is subject to being struck for cause on the motion of any party affected by the amended notice. After the appellant's brief is filed, the notice may be amended only on leave of the appellate court and on such terms as the court may prescribe.

This section of the rule was created and promulgated by this Court in 1997. Its very purpose is to permit the correction of defects or omissions in an original timely filed notice of appeal. There are very few potential de-

The State argues that "the saving of judicial time and energy is alone enough reason to disavow 'substantial compliance.'" I cannot agree. Strict compliance with Rule 25.2(b)(3) would actually waste time and effort.[44] This rule has served primarily as a speedy mechanism to dismiss a plea-bargaining defendant's appeal without considering its merits.[45] But what

fects or omissions from a timely filed notice of appeal which *could* be amended except for the "extra notice" requirement by a plea-bargaining defendant or the State. Thus, this judicially created procedural amendment rule is an alternate "substantial compliance" mechanism.

**44.** *See supra* note 31. Imagine the scenario: a plea-bargaining defendant files a general notice of appeal. That notice of appeal is used to open an appeal file. Months later the clerk's record and the reporter's record arrive at the court of appeals. They are filed. Shortly thereafter, the defendant files his appellate brief. It is put in the file. Sometime thereafter, the State files its brief. The State may well point out that the defendant filed a general notice of appeal. The State's brief is put in the file. At some point thereafter, the record and briefs are read. The appellate court discovers that the notice of appeal is not is strict compliance with Rule 25.2(b)(3). Therefore, it writes a short opinion dismissing the appeal. The defendant goes to jail. He may or may not have the resources to hire an attorney to file a writ of habeas corpus alleging either involuntariness of the plea ("I would not have pled guilty if I couldn't appeal my motion to suppress") or ineffective assistance of counsel ("I wanted to appeal my motion to suppress, but my attorney filed a deficient notice of appeal"). That writ is filed with the original trial court. The State must file an answer. The trial judge may or may not hold a hearing. Eventually the trial court sends the habeas record to this Court. This Court may remand the habeas case back to the trial court for an evidentiary hearing and additional findings of fact and conclusions of law. Eventually, the record is returned to this Court. This Court frequently grants writs of habeas corpus so that a defendant, who was denied his right to appeal, may obtain an out-of-time appeal. Eventually the "extra notice" notice of appeal is filed in the original court of appeals and the court of appeals finally addresses the merits of the issue it could have resolved some two to three years earlier. This is clearly not an efficient or effective use of judicial resources, nor is it fair to the litigants.

**45.** *See Moreno v. State,* 866 S.W.2d 660, 662 (Tex.App.-Houston [1st Dist.] 1993, no pet.) (Oliver–Parrott, C.J., concurring) ("Rule 40(b)(1) serves no useful purpose, and ... I also believe the Court of Criminal Appeals should abolish the requirement in rule 40(b)(1) that a notice of appeal state that the trial court granted permission to appeal or specify 'that those matters were raised by written motion and ruled on before trial'"); *id.* at 663 (Duggan, J., concurring) ("I join others on this Court in urging the Court of Criminal Appeals to revisit *Jones* and permit reasonable out-of-time amendments of the notice of appeal under Tex.R.App. P. 83").

In *Moreno,* Justice Cohen mounted the most eloquent attack upon the "extra notice" requirement in Rule 40(b)(1):

The requirement of stating in the notice of appeal that the judge granted permission to appeal or listing the motions raised and ruled on before trial has no purpose whatsoever. It is truly a rule without a reason. Its only function is to take away a person's right of appeal. It should be avoided if that can be done in a principled fashion.... But even if it is avoided in this case, the requirement should still be repealed because it is useless and harmful. Nobody, no court and no party, does anything differently because of what is or is not included in the notice of appeal. In the almost seven years since the requirement was enacted, I have never seen the presence or absence of this information on a notice of appeal used for any purpose, except to dismiss an appeal.

. . .

Does it make sense to render the "death penalty" sanction on appeal—waiver of everything—for failing to do something that nobody cares about at all? Not to me. The Texas Supreme Court has gone 180 degrees in the opposite direction in deciding similar issues....

I am not reluctant to enforce a reasonable rule, even when the result is harsh, but Moreno is losing his right to appellate review for failing to follow a rule that has no purpose. We should not tolerate that. At the very least, we should not tolerate it quietly.

we speedily dismiss today returns tomorrow as a writ of habeas corpus, alleging an involuntary plea or ineffective assistance of counsel.[46] Clearly, an overly rigid enforcement of our procedural rule is neither efficient nor fair, nor is it necessary under either *Riley* or Rule 25.2(d).

Therefore, I would re-affirm *Riley* and hold that substantial compliance with the extra notice requirements of Rule 25.2(b)(3) suffices to permit the courts of appeals to address the merits of a plea-bargaining defendant's appeal. If a court of appeals finds that the record *clearly* shows that the plea-bargaining defendant either had the trial court's permission to appeal or is appealing an adverse ruling on a pretrial motion, that court's pre-existing jurisdiction has been invoked and it should be able to address the merits of the appeal even if the defendant files only a general notice of appeal. Therefore, I would affirm the Fourteenth Court of Appeals and return these cases to the trial court for further proceedings. I respectfully dissent because this Court declines to do so.

866 S.W.2d at 664–65 (Cohen, J., dissenting unquietly).

**46.** We routinely grant such writs and allow out-of-time appeals. Judge Teague referred to this situation as one of those "pay me now or pay me later" cases. *See Jones v. State*, 796 S.W.2d 183, 188 (Tex.Crim.App.1990) (Teague, J., dissenting); *see also Davis*, 870 S.W.2d at 49 (Clinton, J., dissenting) (noting that habeas review is an appropriate remedy for an out-of-time appeal when original appeal is dismissed for failure to provide "extra notice" under rule 40(b)(1)). A defendant whose appeal has been dismissed because his

written notice of appeal is "defective," may be entitled to relief on a writ of habeas corpus under *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), on an ineffective assistance of counsel claim or, alternatively, on an "involuntary" plea allegation. *See Cooper v. State*, 45 S.W.3d 77, 82 (Tex.Crim.App. 2001) (defendant who had not obtained trial court's permission to appeal plea-bargained guilty plea could not raise issue of involuntary plea on direct appeal, but "meritorious claims of involuntary pleas may be raised by other procedures: motion for new trial and habeas corpus").