Dismissed and Opinion filed October 3, 2002









Dismissed and Opinion filed October 3, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00485-CR

____________

 

ARNOLD EUGENE GOTCH, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
174th District Court

Harris County,
Texas

Trial Court Cause
No. 879,829

 



 

M E M O R
A N D U M   O P I N I O N

Appellant
pled guilty on April 3, 2002, to the offense of possession with intent to
manufacture or deliver a controlled substance. 
In accordance with the terms of a plea bargain agreement with the State,
the trial court sentenced appellant to fifteen years= confinement in the Texas Department
of Criminal Justice, Institutional Division. 
Because we have no jurisdiction over this appeal, we dismiss.  








To
invoke an appellate court=s jurisdiction over an appeal, an appellant must give timely
and proper notice of appeal.  White v. State, 61 S.W.3d 424, 428 (Tex. Crim.
App. 2001).  Appellant filed a
timely general notice of appeal that did not comply with the requirements of
Rule 25.2(b)(3) of the Texas Rules of Appellate
Procedure.  See Tex. R. App. P. 25.2(b)(3).  Rule 25.2(b)(3)
provides that when an appeal is from a judgment rendered on a defendant=s plea of guilty or nolo contendere and the
punishment assessed does not exceed the punishment recommended by the State and
agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  The time for filing a proper notice of appeal
has expired; thus appellant may not file an amended notice of appeal to correct
jurisdictional defects.  State v. Riewe, 13 S.W.3d 408,
413-14 (Tex. Crim. App. 2000).  Because appellant=s notice of appeal did not comply
with the requirements of Rule 25.2(b)(3), we are
without jurisdiction to consider any of appellant=s issues, including the voluntariness of the plea. 
See Cooper v. State, 45 S.W.2d 77, 83 (Tex. Crim.
App. 2001) (holding that appellant who files general notice of appeal may not
appeal voluntariness of negotiated plea).  

Appellant filed a response to this Court=s letter of intent to dismiss,
stating that the record of the plea should affirmatively attest to the trial
court=s recognition that appellant did not
waive his right to appeal the adverse ruling on the motion to suppress and that
the trial court expressly gave permission to appeal this adverse ruling.

We have
reviewed the record and it contains no reference to appellant=s desire to appeal the denial of the
motion to suppress.  Furthermore, nothing
in the record indicates the trial court gave appellant permission to appeal the
denial of the motion to suppress. 
Although the trial judge made a handwritten notation on the judgment
reciting the date of filing of the notice of appeal, this is insufficient to
meet the requirements of Rule 25.2(b)(3).  Johnson v. State, Nos. 0956-01 &
0957-01, 2002 WL 31018589 at *2 (Tex. Crim. App.
Sept. 11, 2002).

Accordingly,
we dismiss the appeal for want of jurisdiction. 


PER CURIAM

Judgment rendered and Opinion filed October 3, 2002.

Panel consists of Justices Edelman, Seymore, and Guzman.

Do Not Publish C Tex. R. App. P. 47.3(b).