MEMORANDUM OPINION



No. 04-03-00172-CR



The STATE of Texas,


Appellant



v.



Michael A. GONZALES,


Appellee



From the County Court at Law No. 3, Bexar County, Texas


Trial Court No. 110,493


Honorable David J. Rodriguez, Judge Presiding



Opinion by: Phylis J. Speedlin, Justice


Sitting: Alma L. López, Chief Justice

 Karen Angelini, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: November 5, 2003


AFFIRMED


 This case involves the determination of whether the State's notice of appeal to this court must
contain the required certification or is it sufficient if the information required to be specified in the notice is
contained elsewhere in the appellate record. We conclude that in order to invoke appellate jurisdiction,
the required certification must appear in the notice of appeal. Accordingly, we dismiss the State's appeal
for lack of jurisdiction. 

 Factual and Procedural Background


 Michael A. Gonzales ("Gonzales") was charged with the offense of speeding and prior to trial,
Municipal Court Judge Roberto Vazquez granted Gonzales' motion to suppress. The State filed a notice
of appeal to the county court certifying that the appeal was not taken for the purposes of delay, and that
the evidence suppressed was of substantial importance in the case, as required by statute. See Tex. Code
Crim. Proc. Ann. art. 44.01(a)(5)(Vernon 2002). On appeal, the trial court considered the briefs filed
by the parties, the record from the municipal court, and the oral arguments. Subsequently, the trial court
affirmed the motion to suppress and remanded the case to the municipal court. The State then filed a notice
of appeal of the trial court's order to this court. That notice, however, did not contain the required
certification language. 

 Jurisdiction


 The State as an appellant must give both timely and proper notice of appeal in order to invoke the
jurisdiction of an appellate court. State v. Riewe, 13 S.W.3d 408, 413-14 (Tex. Crim. App. 2000). The
notice requirements applicable to the State are governed by the Texas Code of Criminal Procedure and
the Texas Rules of Appellate Procedure. See Tex. Code Crim. Proc. Ann. art. 44.01(a)(5); Tex. R. App.
P. 25.2(b)(2). When the State is appealing a motion to suppress, the notice requirements include a
certification that the appeal is not being taken "for the purposes of delay" and that the evidence suppressed
is "of substantial importance in the case." See Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (Vernon
2002). The Texas Court of Criminal Appeals has strictly construed the statutory requirements of article
44.01 as more than a procedural guideline for filing the State's notice of appeal. Article 44.01 acts as a
limitation on the State's substantive authority to appeal. Riewe at 411; State v. Muller, 829 S.W.2d 805,
812-13 (Tex. Crim. App.1992). In fact, the notice of appeal itself must substantially comply with the
requirements. Johnson v. State, 84 S.W.3d 658, 660 (Tex. Crim. App. 2002)(holding that "substantial
compliance" means one has performed the "essential requirements" of a statute). Therefore, an appellate
court may not look elsewhere in the record to find its jurisdiction. Id. The failure to properly invoke the
court's jurisdiction is a substantive defect that deprives an appellate court of jurisdiction. Riewe, 13
S.W.2d at 411.

 It is undisputed that the State's notice of appeal filed in the county court seeking to appeal to this
court does not contain the required certification to comply with Article 44.01(a)(5). The State, however,
seeks to rely on the original certification contained in the notice of appeal filed in the municipal court seeking
to appeal the municipal court's order to county court. The State argues that appeals from a municipal court
of record may not be by trial de novo. Tex. Gov't Code Ann. § 30.00014(b) (Vernon Supp. 2003).
Therefore, the county court was acting as an "intermediate appellate court" when it affirmed the municipal
court's order granting Gonzales' Motion to Suppress. In essence, it appears the State is arguing that our
court obtained jurisdiction when the matter was first appealed to county court because the county court
was acting as an intermediate appellate court. The State cites no authority for its argument. 

 We believe that Johnson and Riewe prohibit us from looking to the clerk's record to find
documents to satisfy the certification requirements of article 44.01. The Court of Criminal Appeals in
Johnson clearly held that an appellate court may not look to anything but the notice of appeal in determining
its jurisdiction. Johnson at 660. In Riewe, the court reaffirmed that a appellate court may not use another
appellate rule to correct a defective notice. Riewe, 13 S.W.3d at 412; Slaton v. State, 981 S.W.2d 208
(Tex. Crim. App.1998). Nor may a court of appeals use any rule to create jurisdiction where none exists.
Riewe, 13 S.W.2d at 413 (citing Olivo v. State, 918 S.W.2d 519, 523 (Tex. Crim. App.1996)). "The
point is that, once jurisdiction is lost, the court of appeals lacks the power to invoke any rule to thereafter
obtain jurisdiction." Id. Thus, when the State filed the defective notice of appeal, it did not invoke our
jurisdiction. 

 Nor did we obtain jurisdiction when the State first filed its notice of appeal in municipal court.
Specifically, the State was appealing "errors of law" from a November 1, 2002 municipal court hearing.
As a procedural requirement, their appeal must be heard by a Bexar County county court at law that had
criminal appellate jurisdiction. See Tex. Gov't Code Ann. §§ 30.00014(a), 30.00221 (Vernon 2003).
In fact, the State would have been precluded from bypassing the county court in appealing directly to a
court of appeals. Tex. Gov't Code Ann.§ 30.00014(a)(Vernon 2003)(stating that a county court "shall"
determine each appeal from a municipal court of record). Therefore, the original notice of appeal did not
invoke our jurisdiction. 

 Because we have no jurisdiction to take any action in a case until our jurisdiction has been properly
invoked, we cannot look to other portions of the clerk's record to obtain jurisdiction. To 

do so would be an impermissible enlargement of the State's substantive right to appeal. Riewe, 13 S.W.3d
at 411. Therefore, we have no jurisdiction and are required to dismiss the States' appeal.


 Phylis J. Speedlin, Justice

DO NOT PUBLISH