**Modesto RODRIGUEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 13–91–645–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1992.

Kenneth W. Balusek, Victoria, for appellant.

George J. Filley, III, Dist. Atty., Keith S. Weiser, Victoria, for the State.

Before NYE, C.J., and DORSEY and GILBERTO HINOJOSA, JJ.

OPINION

NYE, Chief Justice.

A jury found appellant, Modesto Rodriguez, guilty of aggravated unlawful possession of a controlled substance. After finding the two enhancement allegations true, the jury assessed his punishment at ninety-five years in prison, plus a $50,000 fine. By a single point of error, appellant complains that the trial court erred in denying his motion to suppress evidence. We affirm.

Viewing the evidence in the light most favorable to the prosecution,[1] Officer Turner, an investigator with the Victoria Coun-

---

1. In reviewing the validity of a warrantless search, the appellate court considers the evidence developed at the pretrial suppression hearing and the evidence developed in greater detail at trial. *McDole v. State,* 579 S.W.2d 7, 8 (Tex.Crim.App.1979); *Saenz v. State,* 670 S.W.2d 667, 671 n. 3 (Tex.App.—Corpus Christi 1984, pet. ref'd); *see also Hardesty v. State,* 667 S.W.2d 130, 133 n. 6 (Tex.Crim.App.1984).

ty Sheriff's Department, testified that about 4:00 p.m. on May 7, 1991, he received a telephone call from a confidential informant. He had received information from this informant on three prior occasions and found the information truthful and reliable. On this occasion, the informant advised Officer Turner that about 5:00 p.m. on May 7, Modesto Rodriguez would be driving an older model, green automobile to a house in the vicinity of Lone Tree Shopping Center to retrieve an unknown amount of cocaine that he (Modesto Rodriguez) had left there at an earlier time. After receiving this information, Officer Turner and other officers put the area immediately around Lone Tree Shopping Center under surveillance. Officer Turner positioned himself in the Lone Tree Shopping Center's parking lot. Between 4:30 and 4:45 that day, he saw appellant, whom he knew from a previous encounter, driving an older, green automobile westbound on Lone Tree Road. He saw appellant turn onto Dupont Street, which was in the vicinity of Lone Tree Shopping Center, and stop in the driveway of a residence on that street. Appellant got out of his vehicle and walked towards a residence on Dupont. About ten minutes later, appellant returned to his vehicle and drove away. Officer Turner waited to see what direction he went and then alerted Deputy Dollins to stop appellant's vehicle. Deputy Dollins stopped appellant's vehicle, and Officer Turner asked appellant to get out. He got out, and Officers Turner and Seger searched the vehicle. At this time, Deputy Dollins patted down appellant's outer clothing for contraband and felt a bulge under the waistband of his pants. Deputy Dollins did not remove the bulge at that time, but he notified Officer Turner that he had found a bulge in appellant's pants and that he believed it might have been narcotics. Officer Turner testified that during his fifteen years as a peace officer, he had found narcotics concealed within a suspect's pants. He said that based upon the information that he had received from the confidential informant, his surveillance of appellant, and the bulge in appellant's clothing, he arrested appellant for suspected possession of a controlled substance.

After appellant was arrested and taken to jail, Deputy Dollins searched him. In appellant's left front pants' pocket, he found a large plastic baggie containing cocaine. He found more cocaine in the watch pocket of appellant's pants.

The trial court held a pretrial suppression hearing and overruled appellant's "MOTION TO SUPPRESS EVIDENCE." The cocaine was admitted into evidence during trial.

■ By his sole point of error, appellant complains that the trial court erred in denying his motion to suppress because the cocaine was discovered pursuant to an illegal, warrantless search of his person *prior* to the time of his arrest. A warrantless arrest or search is justified if the State can show the existence of probable cause at the time the arrest or search is made, as well as circumstances which made the procuring of a warrant impracticable. *Nastu v. State,* 589 S.W.2d 434, 439 (Tex.Crim.App. 1979), *cert. denied,* 447 U.S. 911, 100 S.Ct. 3000, 64 L.Ed.2d 862 (1980); *Brown v. State,* 481 S.W.2d 106, 109 (Tex.Crim.App. 1972); *Albert v. State,* 659 S.W.2d 41, 44 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd). A need to prevent the imminent destruction, removal, or concealment of property intended to be seized justifies a warrantless search. *Green v. State,* 666 S.W.2d 291, 294 (Tex.App.—Houston [14th Dist.] 1984, no pet.). Probable cause exists when the facts are sufficient to justify the conclusion that the property which is the object of the search is probably in the area to be searched. *Rojas v. State,* 797 S.W.2d 41, 43 (Tex.Crim.App.1990); *Winkles v. State,* 634 S.W.2d 289, 298 (Tex.Crim.App. 1982).

■ Probable cause determinations in warrantless search situations are made using the same standard as searches involving warrants. *Whiteley v. Warden, Wyoming State Penitentiary,* 401 U.S. 560, 566, 91 S.Ct. 1031, 1035, 28 L.Ed.2d 306 (1971); *Rojas,* 797 S.W.2d at 43. The "totality of the circumstances" test established in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) applies for determining probable cause for war-

rantless searches and seizures of persons and property. *Amores v. State*, 816 S.W.2d 407, 413 (Tex.Crim.App.1991); *Whaley v. State*, 686 S.W.2d 950, 951 (Tex. Crim.App.1985); *Eisenhauer v. State*, 678 S.W.2d 947, 955 (Tex.Crim.App.1984). The State has the burden to prove the existence of probable cause to justify a warrantless arrest or search. *Amores*, 816 S.W.2d at 413; *Brown*, 481 S.W.2d at 109.

In *Gates*, the Supreme Court declared that a totality of the circumstances analysis would be used to determine whether an informant's tip provides probable cause for a search. This determination involves a common-sense resolution whether, considering all the facts and circumstances including the veracity and basis of knowledge of persons supplying hearsay information, a fair probability exists that contraband or evidence of a crime will be found in a particular location.

According to the *Gates* Court, an informant's veracity, reliability, and basis of knowledge are critical in this analysis. However, a deficiency in one may be compensated for by a strong showing of the other two, or by some other indicia of reliability. One way of proving an informant's reliability is to show that the informant has provided truthful information in the past. An informant's tip can also be confirmed by the independent police work which corroborates the information received. Additionally, the credibility of the tip is strengthened if it is given in great detail which indicates a strong basis for the informant's knowledge. The tip is further strengthened if it is based on personal observation rather than hearsay. Finally, the surrounding circumstances combined with the information received must be viewed in the light of their having been evaluated by a trained law enforcement officer.

In *Whaley, supra,* a confidential informant called Officer Martin and advised him that a white male, about six feet tall, weighing one-hundred-eighty to one-hun-

dred-ninety pounds was at the Whispering Glen Apartments, number 1035, located at 6003 Abrams. The informant stated that this person was in possession of cocaine and was selling it. The informant also stated that he believed the person did not live in the apartment and would be leaving soon. The informant described the person's clothing and said that the person would be carrying an athletic bag. The informant had given Officer Martin reliable and credible information in the past. Officers Griffis and Schorr set up surveillance of the apartment complex. Officer Griffis saw the accused, who matched the informant's description, walking through the apartment complex. The officers, without a warrant, took the accused into custody, searched him, and found cocaine in his sock. Using the "totality of the circumstances" analysis, the Court of Criminal Appeals held that since the informant had given reliable and credible information in the past and that all of the details of the informant's tip were corroborated except the question whether the accused was carrying cocaine, the police had probable cause to arrest and search the accused.

In the present case, not only had the informant proven reliable in the past, but Officer Turner corroborated every aspect of the informer's tip, *i.e.*, the automobile's description, that the automobile's driver was Modesto Rodriguez, the time of day the automobile would be en route, and its destination. Another important fact about this case was the informant's ability to predict appellant's *future* behavior. *See Alabama v. White*, 496 U.S. 325, 331, 110 S.Ct. 2412, 2417, 110 L.Ed.2d 301 (1990).[2] Due to the verification of the informant's tip, the officers had reasonable grounds to believe that the remaining item of unverified information, *i.e.*, whether appellant possessed cocaine, was also true. *Whaley*, 686 S.W.2d at 951; *Jones v. State*, 640 S.W.2d 918, 920 (Tex.Crim.App.1982). We

**2.** In *White,* the Supreme Court reviewed a case based on similar facts as the one before us, although it concerned an anonymous tip which led to the investigatory stop of a car. In approving the stop, the Supreme Court stated, "Because only a small number of people are generally privy to an individual's itinerary, it is reasonable for police to believe that a person with access to such information is likely to also have access to reliable information about that individual's illegal activities." *White,* 496 U.S. at 332, 110 S.Ct. at 2417.

therefore hold that the totality of the circumstances, *i.e.*, the tip coupled with the independent police corroboration, provided the officers involved with sufficient probable cause to perform a warrantless search of appellant. *See Gates,* 462 U.S. at 242–43, 103 S.Ct. at 2334–35; *Whaley,* 686 S.W.2d at 951; *Eisenhauer,* 678 S.W.2d at 955.

The trial court's judgment is AFFIRMED.