Ben MILLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–98–00161–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 30, 1999.

Rebecca Stewart Coulson, Houston, for appellants.

Dan McCrory, Houston, for appellees.

Panel consists of Justices YATES, FROST and DRAUGHN.*

## OPINION

KEM THOMPSON FROST, Justice.

Appellant, Ben Miller, was charged by indictment with possession of cocaine, enhanced by two prior felony convictions. After the trial court denied appellant's pretrial motion to suppress evidence, appellant pled guilty to the charged offense pursuant to an agreed recommendation. The trial court accepted appellant's plea and assessed punishment at twenty-five years, the agreed sentence in the plea bargain agreement. Appellant filed timely written notice of appeal that day, claiming the trial court erred in denying his motion to suppress evidence. We affirm.

### FACTUAL BACKGROUND

Houston Police Officer Craig Wurdemann of the Narcotics Division received a telephone call from a confidential informant whom he had used on at least two dozen prior occasions. Each time the informant had provided credible and reliable information. According to Officer Wurdemann, on this occasion, the informant reported having observed an older black man named Ben Miller dealing crack cocaine from an older model "orangish brown" Ford pickup truck in the 3300 block of Castor. The informant advised Officer Wurdemann that Miller was wearing a red baseball cap and a blue windbreaker and was presently at the stated location.

* Senior Justice Joe L. Draughn sitting by assignment.

Upon receiving the informant's tip, Officer Wurdemann headed for the specified location. *En route* to the scene, he radioed patrol officer George Ewart, asking him to meet him there. Upon arrival at the designated spot, Officer Wurdemann sat in his car to observe but did not talk to Officer Ewart after the initial communication. When Officer Ewart arrived several minutes later, he found appellant on the corner of Castor and Crosstimbers. After asking appellant to accompany him back to the truck, Officer Ewart searched the bed of the truck and discovered several containers of crack and powder cocaine.

## JURISDICTION

■ As a preliminary matter, the State contends this court lacks jurisdiction due to a defective notice of appeal. Texas Rules of Appellate Procedure 25.2 provides:

[I]f the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:

 (A) specify that the appeal is for a jurisdictional defect;

 (B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

 (C) state that the trial court granted permission to appeal.

TEX.R.APP. P. 25.2(b)(3). Appellant's notice of appeal does not (a) specify that the appeal is for a jurisdictional defect, or (b) specify that his issue was raised by written motion and ruled on before trial, or (c) state that the trial court granted permission to appeal. However, substantial compliance with rule 25.2(b)(3) may confer jurisdiction upon a court of appeals to review nonjurisdictional challenges. *See Gomes v. State,* 9 S.W.3d 170, 172 (Tex.App.—Houston [14th Dist.] 1999) (en banc). We have recently held that substantial compliance with rule 25.2(b)(3)(B) is shown by (1) a handwritten notation stating "Motion to Suppress Only" on the general notice of appeal which was signed by the trial judge; (2) an entry stating "Notice of Appeal filed on Motion to Suppress Only" on the trial court's docket sheets; and (3) perhaps most importantly, a notation stating the notice of appeal was filed on "Mo Suppress Only" on the trial court's written judgement of conviction. *See id.* Finding the documents were not conclusive, we nevertheless held that they were sufficient to indicate that the trial court had granted permission to appeal on the motion to suppress, in compliance with rule 25.2(b)(3)(C). *See id.*

In this case, appellant's general notice of appeal, which is signed by the trial judge, contains a handwritten notation stating "Motion to Suppress." Additionally, the trial court's docket sheet shows an entry stating "Appeal only on Motion to Suppress." Finally and most importantly, after finding appellant guilty, the trial judge stated on the record that he would allow appellant "to appeal [his] decision on the motion to suppress." We find the two documents and the judge's statements in the record show (1) the substance of appellant's appeal was raised by written motion and ruled on before trial in compliance with rule 25.2(b)(3)(B) and (2) the trial court granted permission to appeal in compliance with rule 25.2(b)(3)(C). Therefore, appellant's notice of appeal confers jurisdiction upon this court to review the trial court's decision to deny the motion to suppress. The State's motion to dismiss for lack of jurisdiction is overruled.

## MOTION TO SUPPRESS

■ In his only point of error, appellant claims the trial court erred in denying his motion to suppress evidence because the informant provided insufficient information to generate probable cause. When reviewing a trial court's ruling on a motion to suppress, we review determinations of

probable cause *de novo*. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997).

 Generally, an arrest or search without a valid warrant is unreasonable. *See Franklin v. State*, 976 S.W.2d 780, 781 (Tex.App.—Houston [1st Dist.] 1998, pet. ref'd) (citing *Wilson v. State*, 621 S.W.2d 799, 803–04 (Tex.Crim.App.1981)). However there are several exceptions to the general rule, one of which is the automobile exception. *See id.* This exception applies when the vehicle "is found stationary in a place not regularly used for residential purposes" and is readily capable of being used on the highways. *Martin v. State*, 780 S.W.2d 497, 500 (Tex.App.—Corpus Christi 1989, pet. ref'd) (quoting *California v. Carney*, 471 U.S. 386, 392–93, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985)). In this case, the truck was parked on a public street and so was found stationary in a place not regularly used for residential purposes. Additionally, Officer Wurdemann testified that he was frequently in the area and did not remember seeing the truck parked there in the past. Because the vehicle was not continuously at the location, the truck was probably being driven and so was readily capable of being used on the highways. Therefore, the automobile exception applies.

 When the automobile exception applies, a law enforcement officer may conduct a warrantless search of a motor vehicle if he "has probable cause to believe the vehicle contains evidence of a crime." *Powell v. State*, 898 S.W.2d 821, 827 (Tex. Crim.App.1994); *Franklin*, 976 S.W.2d at 781 (citations omitted). The law is clear that "police officers have the right to search an entire vehicle when they have probable cause to believe there is contraband in the vehicle but do not know where it is located." *Herring v. State*, 758 S.W.2d 849, 853 (Tex.App.—Corpus Christi 1988, pet. ref'd); *Harper v. State*, 704 S.W.2d 546, 548 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd). *See also United States v. Ross*, 456 U.S. 798, 825, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) (holding that where probable cause justifies searching a lawfully stopped vehicle, it justifies searching every part of the vehicle and its contents that might conceal the object of the search).

 To determine whether probable cause existed to believe evidence of a crime would be found in a certain place, we apply the "totality of the circumstances" test. *See State v. Carter*, 915 S.W.2d 501, 503 (Tex.Crim.App.1996); *Neese v. State*, 930 S.W.2d 792, 800 (Tex.App.—Beaumont 1996, pet. ref'd). This test considers whether in light of "all the facts and circumstances including the veracity and basis of knowledge of persons supplying hearsay information, a fair probability exists that contraband or evidence of a crime will be found in a particular location." *Rodriguez v. State*, 838 S.W.2d 780, 782 (Tex.App.—Corpus Christi 1992, no pet.). Compelling evidence either of (1) the informant's veracity, as evidenced by his general credibility or specific reliability, or (2) his basis of knowledge will make up for a deficiency in the other. *See Carter*, 915 S.W.2d at 504. "One way of proving an informant's reliability is to show that the informant has provided truthful information in the past." *Rodriguez*, 838 S.W.2d at 782. Another way is to confirm the information through independent police work. *See id.* Reliability is strengthened if the tip is based on personal observation rather than hearsay and if the tip is given in great detail, showing the informant has a strong basis for his knowledge. *See id.* When an informant has given reliable and credible information in the past, and all of the details of the informant's tip are corroborated except the question of whether the accused was carrying cocaine, the police have probable cause to arrest and search the accused under the "totality of the circumstances" test. *See Whaley v. State*, 686 S.W.2d 950, 951 (Tex.Crim.App. 1985); *Rodriguez*, 838 S.W.2d at 782–83.

In this case, the informant had a long track record of reliability and had a solid basis for his knowledge. The informant had provided credible and reliable information on over two dozen different occasions. The tip he gave Officer Wundermann was based on his personal observations of an older black man, whom he identified by name, dealing crack cocaine from a pickup truck at a specific location. The appellant described both the individual and the vehicle in great detail, i.e., the man was wearing a red baseball cap and a blue windbreaker and had an older model, "orangish brown" Ford truck. Additionally, Officer Ewart[1] testified that an orange or brown Ford pickup was parked in the location in front of a well known drug house where the officer had made several drug arrests in the past. When he arrived at the designated location, Officer Ewart quickly spotted an older black man wearing a red baseball cap and a blue windbreaker, just as the informant had described. Because the informant had given reliable information in the past and all of the details of the informant's tip were corroborated by Officer Ewart's investigation (except the question of whether appellant was dealing cocaine from his pickup truck), Officer Ewart had probable cause to believe evidence would be found in the truck under the "totality of the circumstances" test. Therefore, under the automobile exception, the warrantless search of appellant's truck was lawful, and the trial court did not err in denying the appellant's motion to suppress. We overrule appellant's only point of error.

The judgment is affirmed.

1. While driving to the specified location, Officer Wurdemann radioed patrol officers to relay the informant's tip. Officer Wurdemann briefly surveyed the scene but did not contact the patrol officers after he arrived at the scene. Therefore, his observations of the scene are not relevant to whether probable cause existed for the patrol officers to search the truck.