Kathryn **LOWRY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–01–00002–CR.

Court of Appeals of Texas,
San Antonio.

April 30, 2001.

Carolyn Wentland, William T. Reece, Jr., San Antonio, for Appellant.

Susan D. Reed, Crim. Dist. Atty., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

PER CURIAM.

Kathryn Lowry pled nolo contendere to felony possession of a controlled substance. The trial court found Lowry guilty and, pursuant to a plea bargain agreement, sentenced Lowry to one year imprisonment and a $1,000 fine. On November 27, 2000, the trial court suspended imposition of the sentence of imprisonment and placed Lowry on community supervision for one year. Lowry did not file a motion for new trial; therefore, the deadline for filing a notice of appeal was December 27, 2000 and the deadline for filing a motion for extension of time to file the notice of appeal was January 11, 2001. TEX. R. APP. P. 26.2(a)(1), 26.3. Lowry filed a general notice of appeal on December 13, 2000. On March 5, 2001, she filed an amended notice of appeal stating her desire to appeal the trial court's denial of her written motion to suppress, which was heard and ruled upon before she entered her plea.

When a judgment is rendered on the defendant's plea of guilty or nolo contendere pursuant to a plea bargain in a felony case, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the defendant's notice of appeal must (a) specify that the appeal is for a jurisdictional defect; (b) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (c) state that the trial court granted

permission to appeal. Tex.R.App.P. 25.2(b)(3); *Young v. State*, 8 S.W.3d 656, 666–67 (Tex.Crim.App.2000). A timely notice of appeal complying with Rule 25.2(b)(3) is necessary to confer jurisdiction on this court. *See State v. Riewe*, 13 S.W.3d 408 (Tex.Crim.App.2000). Because Rule 25.2(b)(3) applies in this case, Lowry filed a general notice of appeal, and her amended notice of appeal was filed long after the time for perfecting appeal had passed, we ordered Lowry to show cause why the appeal should not be dismissed for want of jurisdiction.

Lowry filed a response to our order in which she first argues her original notice of appeal substantially complies with the requirements of rule 25.2(b)(3). In *Riley v. State*, 825 S.W.2d 699 (Tex.Crim.App. 1992), the Court of Criminal Appeals held that under certain circumstances the appellate record may show substantial compliance with Rule 40(b)(1) (the predecessor to Rule 25.2(b)(3)) sufficient to confer jurisdiction on the court of appeals to review preserved non-jurisdictional issues. *Id.* at 701. In that case, the clerk's record contained an order signed by the trial judge granting permission to appeal his ruling on Riley's motion to suppress. *Id.* The court held that, although Riley filed a general notice of appeal, the court of appeals had jurisdiction because all the information required by Rule 40(b)(1) was contained in the trial court's order and the order and a timely filed notice of appeal were in the appellate record. *Id.* In *Miller v. State*, 11 S.W.3d 345 (Tex.App.—Houston [14th Dist.] 1999, pet. ref'd), upon which Lowry also relies, the trial judge wrote "motion to suppress" on the general notice of appeal and signed it; the judge also stated on the record he was giving appellant permission to appeal the ruling. *Id.* at 347. The court of appeals held these facts showed substantial compliance with Rule 25.2(b)(3). *Id.*

■ Lowry argues the record in this case shows substantial compliance with Rule 25.2(b)(3) because the docket sheet contains a form stamped statement that states in part:

> The Court informed the defendant that if the punishment assessed did not exceed that agreed to, the defendant could not appeal without the Court's permission except for those matters raised by written motion prior to trial.

This recitation in a form stamped onto the docket sheet in plea bargain cases simply states the defendant was admonished regarding the limitations on her right to appeal. It is not evidence the trial court gave Lowry permission to appeal the ruling on the motion to suppress or that Lowry indicated her intent to appeal the ruling. Because the record in this case does not establish substantial compliance with Rule 25.2(b)(3), Lowry's original notice of appeal did not confer jurisdiction on this court to review non-jurisdictional issues.

■ Lowry also argues that her amended notice of appeal was timely and sufficient to confer jurisdiction on this court to review the trial court's ruling on the motion to suppress because it was filed before her brief. *See* Tex.R.App.P. 25.2(d). We disagree. "Once jurisdiction is lost, the court of appeals lacks the power to invoke any rule to thereafter obtain jurisdiction.... [A]ny amendments [to the notice of appeal] made pursuant to Rule 25.2(d) cannot be jurisdictional amendments." *Riewe*, 13 S.W.3d at 413–14. This court lost jurisdiction when Lowry failed to file a notice of appeal complying with Rule 25.2(b)(3) by December 27, 2000, or a proper notice of appeal together with a motion for extension of time by January 11, 2001. *See* Tex.R.App.P. 26.2(a)(1), 26.3. Thus, Lowry's amended notice of appeal,

filed in March 2001, did not retroactively confer jurisdiction on this court. *See Riewe*, 13 S.W.3d at 413–14; *Sipple v. State*, 36 S.W.3d 592, 593–94 (Tex.App.— Waco 2000, no pet.); *Williams v. State*, 2001 WL 227391, at *3 *4 (Tex.App.—Fort Worth 2001, no pet. h.) (not yet published).

Accordingly, we dismiss this appeal for want of jurisdiction.