Affirmed and Opinion filed June 9, 2005









Affirmed and Opinion filed June 9, 2005.



 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00179-CR

____________

 

WILLIAM COBEN
LIFFICK, JR.,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 7

Harris County, Texas

Trial Court Cause No. 1185210

 



 

O
P I N I O N

Appellant, William Coben Liffick, Jr., was
charged by information with possession of less than two ounces of
marijuana.  See Tex. Health & Safety Code Ann. ' 481.121(a)(b)(1)
(Vernon 2003).  Appellant filed a motion
to suppress the marijuana claiming it was illegally obtained from a warrantless
search of his vehicle.  After his motion
was denied, appellant entered a plea of no contest pursuant to a plea agreement.  The trial court deferred adjudication of
guilt, assessed a $300 fine, and placed appellant on community supervision for
one year.  In one point of error,
appellant contends the trial court erred by overruling his motion to
suppress.  We affirm.   








I.  FACTUAL BACKGROUND

 

Appellant is the owner of a bar named AWhat=s Left.@  Appellant=s bar is licenced
by the Texas Alcohol and Beverage Commission to sell alcoholic beverages.  On July 24, 2003, three Texas Alcohol and
Beverage Commission agents went to AWhat=s Left@ to speak with
appellant about an illegal raffle he was promoting at the bar.  The agents saw appellant drive into and park
in the bar=s parking lot, exit his vehicle, and walk
to the tailgate area of his truck.  The
agents approached appellant, and one of the agents, Sergeant Dill, immediately
noticed Asmall green leafy
substances@ on the outside of appellant=s pants.  Dill, believing  the leaves were marijuana, grabbed one of the
leaves and showed it to Agent Roskey, who confirmed Dill=s suspicion.  The third agent, Agent Francois, smelled the
odor of burnt marijuana coming from appellant and saw several flakes of what he
believed to be marijuana on appellant=s pants.[1]  After the agents identified the marijuana,
appellant dusted the remaining leaves and seeds off of his pants and was
detained.

Immediately thereafter, Agent Roskey
walked to appellant=s 
driver=s side door and smelled the odor of
burning marijuana coming from inside. 
Agent Roskey then opened the trucks=s door, saw seeds
and leaves that he believed to be marijuana on the carpet and seats, and found
a plastic bag filled with marijuana in appellant=s center
console.              

II. 
DENIAL OF MOTION TO SUPPRESS 

In his sole point of error, appellant
contends the trial court erred in overruling his motion to suppress.  Specifically, appellant argues the Aautomobile
exception@ does not apply to this case because his
vehicle was not parked on a public street. 


 

 

 








A.      Standard of Review        

In reviewing the trial court=s ruling on a
motion to suppress, we apply a bifurcated standard of review.  Carmouche v. State, 10 S.W.3d 323, 327
(Tex. Crim. App. 2000).  We give almost
total deference to the trial court=s determination of
historical facts that depend on credibility and demeanor, but conduct a de
novo review of the trial court=s application of
the law to facts if resolution of those ultimate questions does not turn on an
evaluation of credibility and demeanor.  Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); see  Carmouche, 10 S.W.3d at 327.  Furthermore, we will sustain the trial court=s ruling admitting
the evidence if the ruling is reasonably supported by the record and correct on
any theory of law applicable to the case. 
Laney v. State, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003).  This is so even if the decision is correct
for reasons different from those espoused at the hearing.  Id.         

B.      Automobile Exception    

The federal and state constitutions both
guarantee the right to be secure from unreasonable searches and seizures.  See U.S.
Const. amend. IV; Tex. Const.
art. I, ' 9; see also Tex. Code Crim. Proc. Ann. art.
38.23(a) (Vernon Supp. 2004) (forbidding any evidence obtained in violation
thereof to be admitted against an accused). 
This fundamental right is preserved by a requirement that searches be
conducted pursuant to a warrant issued by an independent judicial officer.  California v. Carney, 471 U.S. 386,
390 (1985).  As a result, searches
conducted without a warrant are unreasonable per se, subject to a few
specifically established and well delineated exceptions.  Minnesota v. Dickerson, 508 U.S. 366,
372 (1993); McGee v. State, 105 S.W.3d 609, 615 (Tex. Crim. App.
2003).  The State bears the burden to
show the warrantless search falls within one of these exceptions.  McGee, 105 S.W.3d at 615.    








At issue in this case is the applicability
of the Aautomobile
exception@ to the warrant requirement in the Fourth
Amendment to the United States Constitution. 
The automobile exception permits officers to conduct a warrantless
search of a motor vehicle if the officer has probable cause to believe the
vehicle contains evidence of a crime.  Chambers
v. Maroney, 399 U.S. 42, 48B49 (1970); see
Powell v. State, 898 S.W.2d 821, 827 (Tex. Crim. App. 1994); Amos v.
State, 819 S.W.2d 156, 160B61 (Tex. Crim.
App. 1991).  A warrantless search of an
automobile based on probable cause is justified under the United States and
Texas Constitutions because a vehicle can be quickly moved out of the location
or jurisdiction in which the warrant must be sought, making obtaining a warrant
impractical.  See Scott v. State,
531 S.W.2d 825, 827 (Tex. Crim. App. 1976). 
In Carney, 471 U.S. at 392B93, the United
States Supreme Court gave two justifications for the automobile exception:  AFirst, the vehicle
is obviously readily mobile by the turn of an ignition key, if not actually
moving.  Second, there is a reduced
expectation of privacy stemming from its use as a licensed motor vehicle
subject to a range of police regulation inapplicable to a fixed dwelling.@            

Appellant does not argue the agents lacked
probable cause to search his vehicle. 
Instead, appellant argues the automobile exception does not apply to
this case because his vehicle was not parked on a public street.  As his only authority, appellant relies on
two cases applying the automobile exception as applied to vehicles parked on a
public street, and contends the exception is inapplicable here because his
vehicle was parked on appellant=s private premises
and not on a public street.  See
Miller v. State, 11 S.W.3d 345, 348 (Tex. App.CHouston [14th
Dist.] 1999, pet. ref=d); Martin v. State, 780 S.W.2d
497, 500 (Tex. App.CCorpus Christi 1989, pet. denied).  However, contrary to appellant=s assertion, the
fact that appellant=s vehicle was not parked on a public
street does not automatically render the automobile exception
inapplicable.  Instead, the automobile
exception applies when the vehicle Ais found
stationary in a place not regularly used for residential purposes@ and is readily
capable of being used on the highways.  See
Miller, 11 S.W.3d at 348 (citing Carney, 471 U.S. at 392B93) (emphasis
added); Martin, 780 S.W.2d at 500 (quoting Carney, 471 U.S. at
392B93) (emphasis
added).    








Here, the evidence shows appellant=s vehicle was
found stationary in a private parking lot of a bar owned by appellant.  The record does not indicate, and appellant
does not claim, his bar is a place regularly used for residential
purposes.  Appellant=s truck was
readily capable of being used on the highways because the agents witnessed
appellant driving the vehicle shortly before he was arrested.  See Miller, 11 S.W.3d 348 (finding
vehicle capable of being used on a highway since the vehicle was not continuously
at the same location).  Thus, appellant=s vehicle was
found stationary in a place not regularly used for residential purposes and was
readily capable of being used on the highways. 
These facts justify application of the automobile exception and permit
the search of appellant=s vehicle without a warrant.  Carney, 471 U.S. at 392.  

We hold the trial court did not err in
overruling appellant=s motion to suppress because the State met
its burden to show the warrantless search of appellant=s vehicle was
authorized under the automobile exception to the Fourth Amendment requirement
of a warrant.  We overrule appellant=s sole point of
error.   

III.  CONCLUSION

Because we have overruled appellant=s sole point of
error, we affirm the judgment of the trial court.

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment
rendered and Opinion filed June 9, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.

Publish C Tex. R. App. P. 47.2(b).











[1]  All three
agents testified they had received drug recognition training prior to appellant=s arrest.