FILED IN
COURT OF CRIMINAL APPEALS

July 7, 2015

ABEL ACOSTA, CLERK

PD-0641-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/3/2015 4:29:19 PM
Accepted 7/7/2015 2:44:38 PM
ABEL ACOSTA
CLERK

## NO. PD-0641-15

# IN THE TEXAS COURT OF CRIMINAL APPEALS
# AUSTIN TEXAS

---

### JIMMY EUGENE JOHNS, PETITIONER/APPELLANT

### vs.

### THE STATE OF TEXAS, RESPONDENT/APPELLEE

---

## ON APPEAL FROM THE COURT OF APPEALS FOR THE SECOND DISTRICT OF TEXAS (FORT WORTH) CAUSE NO. 02-14-00233-CR, AND FROM THE CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY CAUSE NO. 1332690D

---

## PETITION FOR DISCRETIONARY REVIEW OF APPELLANT JIMMY EUGENE JOHNS

---

Gerald R. Smith, Sr.
State Bar No. 24039316
Law Offices of Smith & D'Antonio
P.O. Box 200395
Arlington, Texas 76006
Telephone: (817) 462-4036
Facsimile: (817) 462-4037
attorney@gjsmithlaw.com

Cynthia Rowe D'Antonio
Oklahoma Bar No. 19652
Green, Johnson, Mumina
& D'Antonio
400 N. Walker Ave. Ste. 100
Telephone (405) 702-7228
Facsimile (405) 702-6898
cynthia@gjmlawyers.com
*Admission pro hac vice*

**ATTORNEYS FOR PETITIONER JIMMY EUGENE JOHNS**
**PETITIONER REQUESTS ORAL ARGUMENT**

1

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................... 2

INDEX OF AUTHORITIES ............................................................. 3

IDENTITY OF PARTIES AND COUNSEL ...................................... 4

STATEMENT REGARDING ORAL ARGUMENT ........................... 5

STATEMENT OF THE CASE ........................................................... 5

STATEMENT OF PROCEDURAL HISTORY ................................. 8

ABBREVIATIONS ........................................................................... 9

QUESTIONS PRESENTED FOR REVIEW ..................................... 9

ARGUMENT IN SUPPORT OF REASONS FOR REVIEW ......... 10

I.        THE COURT OF APPEALS OVERSTEPPED ITS
BOUNDARIES WHEN IT DICTATED THE CONTENTS
OF THE AMENDED CERTIFICATE FOR APPELLANT ....... 11

      A.    It Was Error For The Court Of Appeals To Dictate
To The Trial Court That This Was A Plea Bargain Case ... 11

      B.    The Court of Appeals Abatement Order Mandating
That The Trial Court Certify A Plea Case Impermissibly
Limited The Trial Court To Find Otherwise ...................... 13

II.      APPELLANT'S APPEAL RIGHTS WERE UNLAWFULLY
ABRIDGED BY THE UNDERLYING PROCEDURAL
ERROR ................................................................................. 15

PRAYER FOR RELIEF .................................................................. 16

CERTIFICATE OF COMPLIANCE................................................ 18

CERTIFICATE OF SERVICE .............................................................. 18

APPENDIX ...................................................................................... 19

**INDEX OF AUTHORITIES**

**Cases**

*Chavez v. State,*
    183 S.W. 3d 675 (Tex. Crim. App. 200) ..................................................... 11

*Cortez v. State*, 420 S.W. 3d 803 (Tex. Crim. App. 2013) .............................. 15

*Dears v. State*, 154 S.W. 3d 610 (Tex. Crim. App. 2005) ............................... 15,16

*Flores v. State,*
    888 S.W. 2d 193 (Tex. App.-Houston[1st Dist.] 1994 .............................. 14,15

*Greenwell v. Court of Appeals for the Thirteenth Dist.,*
    159 S.W. 3d 645 (Tex. Crim. App. 2005) .................................................... 12,13

*Johnson v. State,*
    47 S.W. 3d 701 (Tex. App. –Houston [14th Dist] 2001 ............................. 14

*Marsh v. State,*
    ___S.W. 3d__(Tex. Crim. App. October 1, 2014, PD-1034-13)................. 12,13

*Menjivar v. State,* 264 S.W. 3d 137 (Tex. App. 2007) ..................................... 12

*Miller v. State,*
    11 S.W. 3d 345 (Tex. App. –Houston [14th Dist.] 1999 ............................. 14

*Wilson v. State,*
    264 S.W. 3d 104 (Tex. App. 2007) ............................................................. 12

**Rules**

Tex. R. App. P. 25.2(a)(2) ......................................................................... 11,12

**Other Authorities**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Rule 68.4 (a), Appellant submits the following information to the Court regarding the Identity of Parties and Counsel:

TRIAL COURT JUDGE:      The Honorable Elizabeth Beach

TRIAL COUNSEL:      Robin McCarty
(Trial Counsel for Jimmy Johns)
3322B East Belknap
Fort Worth, Texas 76111

Joe Shannon Jr., District Attorney
Ann Hernandez, Assist. Dist. Attorney
(Trial Counsel for the State)
Tarrant County Justice Center 4th Floor
401 Belknap St.
Fort Worth, Texas 76196-0201

APPELLATE COUNSEL:      Paul Francis
(Appellate Counsel for Jimmy Johns)
Address: P.O. Box 13369
1178 W. Pioneer Parkway
Arlington, Texas 76094

Gerald J. Smith, Sr.
(Substituted Appellate Counsel for Jimmy Johns)
Address: P.O. Box 200395
Arlington, Texas 76006

Charles Mallin
(Appellate Counsel for the State)
Tarrant County Justice Center 4th Floor
401 Belknap St.
Fort Worth, Texas 76196-0201

4

To The Honorable Court Of Criminal Appeals of Texas:

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner believes oral argument would be helpful to the Court in resolving whether the Court Of Appeals overreached itS authority under Tex. R. App. P. 25.2(a)(2) when it expressly dictated to the Trial Court to find this was a plea bargain case. While other cases have addressed the issue in the context involving the legal merits of an issue in a case, this appears to be an issue of first impression as to whether the Court Of Appeals may actually dictate that the Trial Court find a case itself to be a plea bargain case despite a questionable or contrary record below. Moreover, the public policy behind resolution of this issue could best be discussed in the context of oral argument wherein the benefit of an exchange with the Court and counsel would better suit the advancement of fundamental matters raised in this discretionary review.

## STATEMENT OF THE CASE

Appellant, Jimmy Eugene Johns, was indicted by a Grand Jury on June 2, 2013, of driving while intoxicated (DWI). The indictment further alleged that Appellant had prior convictions for the same offense and other charges and was a habitual offender. (CR05-06). Appellant suffers from severe alcohol addition and became eligible for the Felony Alcohol

5

Intervention Program (FAIP). (CR18). On February 10, 2014, Appellant entered an Open Plea to the trial court on a recommendation that the State proceed on a repeat offender charge. (CR42-46). The trial court found Appellant guilty of DWI as repeat offender as true and deferred sentencing pending a presentence investigation. (CR47). On April 1, 2014, Appellant personally appeared for sentencing and judgment of the conviction pursuant to his Open Plea to the trial court of DWI and felony repetition. (CR47). Appellant was assessed punishment of eight (8) years at TDCJ. (CR47). On April 1, 2014, the Trial Court's Certification Of Defendant's Right Of Appeal was made. (CR57). That initial Certification expressly stated that the matter "is not a plea-bargain case and the defendant has the right of appeal." (CR57). The trial court's Certification was signed by Appellant, his legal counsel and the presiding judge. (CR57).

With respect to the Certification, it recited Tex. R. A. P. 25.2(a)(2) regarding plea bargain, noting conditions for appeal to include obtaining permission from the trial court in certain instances. (CR57). On the same day of his conviction and sentencing, Appellant filed his Notice Of Appeal, Motion For Reporter's Record (CR58). On April 10, 2014, Appellant filed a Supplemental Notice Of Appeal, Request For Clerk's Record and Designation Of Materials To Be Included In Clerk's Record. (CR61-70). On

6

April 11, 2014, Appellant moved to set bond pending his appeal (CR75-76), and the trial court set bond in the amount of $10,000, and the appeal bond was issued on April 17, 2014. (CR78-79). Thereafter, Appellant remained at large pending his appeal. On June 2, 2014, the Clerk's Record was delivered to the Court of Appeals (CR01).

On March 2, 2015, the Court of Appeals issued its Abatement Order of Appellant's Appeal citing that it was concerned about whether the appeal must be dismissed because Appellant entered a plea bargain. Abatement Order, March 2, 2015)(Supplemental CR 4-7). The Abatement Order noted that the "certification states that appellant has the right to appeal." (Supplemental CR5). The Abatement Order sought to have the trial court correct the certification to comport with the record. (Supplemental CR6). In the Abatement Order, the Court Of Appeals expressly dictated that "[o]n or before April 1, 2015, the trial court *shall* file an amended certification of appellant's right to *appeal showing that this is a plea-bargained case*." (Supplemental CR6)(emphasis added). It further commands that "the trial court shall indicate whether any matters were raised by written motion filed and ruled on before trial or whether the trial court has given permission to appeal." (Supplemental CR6). Finally, the Court of Appeals directed that "[t]he trial court, appellant, and appellant's counsel shall sign the amended

7

certification….” and  “the trial court shall use whatever means necessary to secure a complete, proper amended certification….” (Supplemental CR6). Therefore, the trial court revoked Mr. Johns’ previously granted appeal bond and placed him in custody, apparently in order to obtain his signature on the amended certification.  On March 19, 2015, the Court Of Appeals received a Supplemental Clerk’s Record that contained an Amended Certification of Appellant’s Right To Appeal. (Supplemental CR8).  As dictated by the Court of Appeals, the Amended Certification was made on March 16, 2015, and states “this is a plea-bargain case, and Jimmy Eugene Johns has NO right of appeal.” (Supplemental CR8). Additionally, the Amended Certification contains the notation that Appellant refused to sign the Amended Certification. (Supplemental CR8).     Based on the Clerk’s Supplemental Record, including the Amended Certification, on April 23, 2015, the Court of Appeals issued its Memorandum Opinion whereby Appellant’s appeal was dismissed.  Appendix “A” Memorandum Opinion dated April 23, 2015 (hereinafter “Memorandum Opinion.”).

## STATEMENT OF PROCEDURAL HISTORY

1. Date Of Opinion From Court Of Appeals:          April 23, 2015

2. Date Of Motion For Rehearing:                          None Filed

3. Date Motion For Rehearing Disposed:                N/A

8

| | | |
|---|---|---|
| 4. | Date Of Appellant's Motion For Extension Of Time | May, 28, 2015 |
| 5. | Order Granting Appellant's Motion For Extension | May 28, 2015 |
| 6. | Appellant's Petition For Discretionary Review Pursuant to Rule 68 of Texas R. of App. Procedure | June 25, 2015 |

## ABBREVIATIONS AND REFERENCES

The required documents and other relevant and material documents are attached to this Petition in the Appendix. The pages of the Appendix are numbered in accordance with their original pages and therefore are not sequenced.

The Clerk's Record (CR) is referred to by page number (e.g. CR000); and the Supplemental Record is referred to by page number (e.g. Supplemental CR000.)

## QUESTIONS PRESENTED FOR REVIEW

1. Whether Tex. R. App. P. 25.2 permits the Court Of Appeals to dictate that the trial court find case to be a plea-bargained case.

2. Whether the Court of Appeals impermissibly exceeded its authority when it directed that the trial court find Appellant's case to be a plea-bargain case despite all evidence that the matter involved an open plea by Appellant with a right to appeal.

3. Whether Appellant could have been properly admonished by the trial court under an arrangement whereby Appellant understood he was making an open plea with a right of appeal.

## APPELLANT'S REASONS FOR REVIEW

1. The Court of Appeals' Memorandum Opinion dismissing the Appeal conflicts with previous related decisions on a similar issue.

2. The Court of Appeals has erroneously decided an important question of Texas law regarding a fundamental certification of appeal issue that should be settled by this Court.

## ARGUMENT

Appellant, Jimmy Eugene Johns, is currently incarcerated with no apparent right to appeal his sentence and conviction despite substantial evidence at the trial level that he would maintain his appeal rights. Indeed, each and every participant at the trial level, including the trial judge, counsel for the State of Texas, counsel for Appellant and the Appellant, proceeded on the understanding and basis that Appellant had appeal rights following his conviction. The underlying record is replete with expressed and circumstantial support for Appellant's ability to prosecute his appeal as an open plea. It was on such basis that the trial court's initial Certification expressly noted that the case "is not a plea-bargained case and the defendant has the right of appeal." Appellant was admonished with an understanding that he retained a right to appeal and voluntarily executed his paperwork with that focused understanding. Indeed, the trial court set an appeal bond for Appellant's appeal without any objection from the State of Texas.

Appellant had every reasonable expectation that his right to appeal was protected. Moreover, Appellant remained at large on appeal for several months prior to having his appeal summarily dismissed due to an improper dictate imposed on the trial court by the Court of Appeals.

I. THE COURT OF APPEALS OVERSTEPPED ITS BOUNDARIES WHEN IT DICTATED THE CONTENTS OF THE AMENDED CERTIFICATION FOR APPELLANT

A. It Was Error For the Court Of Appeals To Dictate To The Trial Court That This Was A Plea Bargain Case

In reviewing the Clerk's Record of Appellant's case, the Court of Appeals became concerned whether the appeal had to be dismissed as being a plea-bargained case that Appellant had entered into. *See, e.g.*, Tex. R. App. P. 25.2(a)(2) and (d); *Chavez v. State*, 183 S.W. 3d 675, 680 (Tex. Crim. App. 2006). Based upon that concern, the Court of Appeals issued an Abatement Order that initially sought clarification because the trial court's judgment and certification did not reflect that Appellant had entered into a plea bargain. Indeed, in the trial record the Judgment Of Conviction expressly referred to an "Open Plea." (CR52). Accordingly, the Trial Court's Certification Of Defendant's Right Of Appeal allowed that this "is not a plea-bargained case and the defendant has the right of appeal." (CR 57). Having been perplexed by the underlying record, the Court of Appeals

11

then proceeded to address the issue by permissibly having the trial court to correct the apparently defective Certification. *See,* Tex. R. App. P. 25.2(a)(2) and (d). While Appellant concedes that the Court of Appeals had the right to order the trial court to correct the initial Certification and produce an Amended Certification, it was error for the Court of Appeals to prescribe *what* the Amended Certification must say. *Greenwell v. Court of Appeals for the Thirteenth Dist.*, 159 S.W. 3d 645 (Tex. Crim. App. 2005). When, as here, the Court of Appeals Abatement Order explicitly dictates to the trial judge what the Certification must state, it overstepped its authority. *Marsh v. State*, _____S.W. 3d___(Tex. Crim. App. October 1, 2014, PD-1034-13); *see also, Menjivar v. State*, 264 S.W. 3d 137, 142 (Tex. App. 2007); *Wilson v. State*, 264 S.W. 3d 104, 108 (Tex. App. 2007).

Apparently, prior to receiving the Abatement Order, the trial judge as well as all parties involved, including the Appellant, were under the clear understanding that Appellant had entered an open plea with its contaminant right to appeal any sentence imposed. However, the Abatement Order left no choice but for the trial judge to issue an Amended Certification of Appeal and "[show] that this is a plea-bargained case." (Supplemental CR6.)

12

Accordingly, as this Court has stated under similar circumstances:

> "[T]he court of appeals here overstepped its authority by prescribing exactly what the new certification should say. By explicitly setting out that the certification was defective because Appellant had "the right to appeal the denial of his motion to suppress" and then ordering the court to correct this defect within fifteen days, the court of appeals dictated the content of the certification, contrary to what is permitted by the rules. *Citing, Greenwell,* 159 S.W.3d at 650 n. 24.

*Marsh v. State*, _____S.W. 3d___(Tex. Crim. App. October 1, 2014, PD-1034-13).

It can easily be presumed that the trial court felt not only compelled to comply with the Abatement Order directive but to proceed exactly to the letter as the Abatement Order stated. Indeed, an examination of the Amended Certification confirms that the dictate of the Court of Appeals was followed. "Because this order was closer to a mandamus action than a request for the trial court to review the record and submit a certification that comports with it, [this Court should] conclude that the court of appeals violated the prohibition discussed in *Greenwell* and erred in its order to the trial court." *Id*.

B.     The Court of Appeals Abatement Order Mandating That The Trial Court Certify A Plea Bargain Case Impermissibly Limited the Trial Court To Find Otherwise.

It is undisputed that substantial evidence is in the record that evidences Appellant had every intention to make an Open Plea to the

criminal charges alleged. For example, the trial court's Written Plea Admonishments expressly stated that this was an "open plea to court." (CR42, ¶2). Additionally, in the Judgment Of Conviction By Court-Waiver Of Jury Trial executed by the trial judge, the terms of the plea clearly indicates that it was an "Open Plea To Court W/PSI." (CM52). Moreover, it is implicit from the conduct of the Court and the parties that Appellant's appeal rights would be preserved because he'd entered an open plea. By way of clear example, Appellant was granted an appeal bond by the Court, with no objection to the appeal bond by the State. (CM78-79).

In another context, courts have found rights to appeal particularly when other documentary evidence in the record tends to show a valid basis for the appeal. *See Johnson v. State,* 47 S.W.3d 701, 704 (Tex.App.-Houston [14th Dist.] 2001, no pet.) (unsigned docket entry "Defendant gave written notice of appeal as to *motion to suppress only*" combined with hand-printed notation "11-16-98 'MTN TO SUPPRESS'" on judgment beside preprinted notation "Notice of Appeal"); *Miller v. State,* 11 S.W.3d 345, 347 (Tex. App.-Houston [14th Dist.] 1999; (unsigned docket entry "Appeal only on Motion to Suppress" combined with judge's signature on notice of appeal with handwritten notation "Motion to Suppress Only" and recitation in judgment that notice of appeal filed on "Motion to Suppress Only".) *Flores*

14

*v. State,* 888 S.W.2d 193, 195-96 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd) (signed docket entry under heading "ORDERS OF THE COURT" which read "D[efendant] plead guilty per order D[efendant] gave notice of appeal on *pre-trial* ruling").

Under the instant facts below, if not otherwise dictated to by the Court of Appeals, the trial court may have found that the initial Certification was not defective at all. *Compare, e.g., Dears v. State*, 154 S.W. 3d 610 (Tex. Crim. App. 2005)(discussing a defective certification and open pleas of guilty in separate cases). In other words, Appellant questions the propriety of the Court of Appeals' interpretation from a distance the facts which occurred at trial and elevating its view of what took place over that of the trial court.

II.  APPELLANT'S APPEAL RIGHTS WERE UNLAWFULLY ABRIDGED BY THE UNDERLYING PROCEDURAL ERROR

There are numerous rules which may come into play in connection with the proper certification of a  defendant's right of appeal. The import of those rules are to set forth a comprehensive scheme to guard against a defendant, such as Appellant here, being denied the right of appeal because of a procedural error, administrative mistake or similar act that is beyond the Appellant's control. *See generally, Cortez v. State*, 420 S.W. 3d 803 (Tex.

15

Crim App. 2013). This Court has expressed the view that in the context of the certification of the defendant's right of appeal, that those Rules "reflect a strong interest in ensuring that a defendant's right to appeal is not abridged due to 'defects or irregularities' " that can be corrected. *Dears v. State,* 154 S.W.3d 610, 614 (Tex. Crim. App. 2005).

In this instance, Appellant became the victim of a contorted application of the Rules regarding his right to appeal his sentence. In the process he became twice victimized by a dictate from the Court of Appeals to the trial judge which seemingly disregarded all the evidence which may have been contrary to such dictate. What is left can only be the conclusion that Appellant's rights to a legally cognizable appeal have been abridged by the mandate from the Court of Appeals. Appellant respectfully submits that those rights owed to him under the facts be protected not only for the importance in regards to his circumstances, but for all those whose rights are similarly abridged.

## PRAYER FOR RELIEF

For the reasons stated herein and under the authorities presented, Appellant prays this Honorable Court grant his Petition For Discretionary Relief, set this matter for oral argument, and reverse the decision of the

16

Court of Appeals dismissing the Appeal and for such other and further relief as may be available in law and equity.

Respectfully Submitted,

/s/Cynthia Rowe D'Antonio
Cynthia Rowe D'Antonio
Oklahoma Bar Number 19652
*Green Johnson Mumina & D'Antonio*
400 N. Walker Ave., Suite 100
Oklahoma City, Oklahoma   73102
Telephone:   (405) 488-3800
Facsimile:   (405) 702-6898
**EMAIL:** cynthia@gjmlawyers.com

***Admission pro hac vice***

-and-

Gerald J. Smith, Sr., Texas Bar No. 24039316
*Law Offices of G.J. Smith, Sr. PLLC*
P.O. Box 200395
Arlington, Texas 76006
(817) 635-3100
(817) 635-3104
**EMAIL**: attorney@gjsmithlaw.com

ATTORNEYS FOR PETITIONER JIMMY EUGENE JOHNS

17

**CERTIFICATE OF COMPLIANCE**

Pursuant to Tex. R. App. P. 9.4 (i) (3), the undersigned hereby certifies that according to the word count function of the computer program used to generate the document, the portions of the Appellant's Brief subject to the rule contain 3,402 words total and that the text thereof is in 14-point Times New Roman font.

**CERTIFICATE OF SERVICE**

Pursuant to Tex. R. App. P. 9.5(a), the undersigned hereby certifies that a true and correct copy of the foregoing Appellant's Petition For Discretionary Review has been sent to the following through the Court's E-Filing system, on this 3rd day of July, 2015:

Charles M. Mallin
Tarrant County District Attorney's Office
401 West Belknap
Fort Worth, Texas 76196
Counsel of Record for State

Lisa McMinn
P.O. Box 13046
Austin, Texas 78711
State Prosecuting Attorney

/s/　Cynthia Rowe D'Antonio
Cynthia Rowe D'Antonio

# APPENDIX

## Index

| Description | Tab |
| --- | --- |

Memorandum Opinion ................................................................. A



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00233-CR

---

JIMMY EUGENE JOHNS                                                      APPELLANT

V.

THE STATE OF TEXAS                                                           STATE

----------

### FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
### TRIAL COURT NO. 1332690D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Jimmy Eugene Johns attempts to appeal his felony conviction for driving while intoxicated.[2]  On March 2, 2015, we issued an order abating this appeal.  In the order, we stated that based on our review of the record, we were concerned about whether the appeal should be dismissed because appellant had

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. §§ 49.04(a), .09(b)(2) (West Supp. 2014).

entered a plea bargain. *See* Tex. R. App. P. 25.2(a)(2), (d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). We explained that appellant had entered into a plea bargain because in exchange for his guilty plea, the State had waived one of the indictment's enhancement allegations.[3] We abated the appeal, instructing the trial court to "file an amended certification of appellant's right to appeal showing that this is a plea-bargained case." Also, we ordered the trial court to "indicate whether any matters were raised by written motion filed and ruled on before trial or whether the trial court ha[d] given permission to appeal."

We have received a supplemental clerk's record from the abatement. The supplemental clerk's record contains an amended certification of appellant's right to appeal, which states in part that this is "a plea-bargain case, and [appellant] has NO right of appeal." The amended certification contains the signature of appellant's counsel and a remark that appellant refused to sign it.

An appeal "must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record." Tex. R. App. P. 25.2(d). Under rule of appellate procedure 25.2, we must "dismiss a prohibited

---

[3]The State proceeded on a repeat offender allegation instead of a habitual offender allegation, so appellant faced a punishment range of two to twenty years' confinement instead of twenty-five to ninety-nine years' confinement. *See* Tex. Penal Code Ann. § 12.33(a) (West 2011), § 12.42(a), (d) (West Supp. 2014). This agreed reduction in the range of punishment qualified as a plea bargain. *See Carender v. State*, 155 S.W.3d 929, 931 (Tex. App.—Dallas 2005, no pet.); *see also King v. State*, No. 02-13-00583-CR, 2014 WL 3536962, at *1 (Tex. App.—Fort Worth July 17, 2014, no pet.) (mem. op., not designated for publication).

appeal without further action, regardless of the basis for the appeal."[4] *Chavez*, 183 S.W.3d at 680. Because the trial court has certified that appellant has no right of appeal, that the court has not given permission to appeal, and that appellant did not raise matters by written motion filed and ruled on before trial, we dismiss the appeal. *See* Tex. R. App. P. 25.2(a)(2), (d), 43.2(f); *Chavez*, 183 S.W.3d at 680.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 23, 2015

---

[4]Through counsel, appellant filed letter after the trial court amended its certification.  The letter does not show adequate grounds for continuing the appeal.

3