**The STATE of Texas, Appellant**

v.

**Craig Hill JOHNSON, Appellee.**

**No. 04–04–00332–CR.**

Court of Appeals of Texas,
San Antonio.

June 23, 2004.

Discretionary Review Granted
Nov. 17, 2004.

E. Bruce Curry, Dist. Atty., Kerrville, for Appellant.

George Scharmen, San Antonio, for Appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by SANDEE BRYAN MARION, Justice.

The State filed a notice of appeal from the trial court's granting of appellee's motion to suppress. However, the notice failed to satisfy the requirements of article 44.01(a)(5) of the Texas Code of Criminal Procedure in that it does not certify that the appeal was not taken for the purpose of delay and that the evidence was of substantial importance in the case. See State v. Riewe, 13 S.W.3d 408, 411 (Tex. Crim.App.2000). Accordingly, this court ordered the State to show cause why this appeal should not be dismissed for want of jurisdiction.

The State responded to our show cause order, explaining that the required certification was attached to its notice of appeal in the form of an affidavit. According to the State, the affidavit was attached to its notice of appeal filed with the Gillespie County District Court. Upon receiving this court's show cause order, the State contacted the Gillespie County District Court and was advised by the Clerk that it did not have a copy of the affidavit. Apparently, the Clerk had inadvertently returned the file-stamped affidavit to the District Attorney's Office; therefore, the affidavit was not included in the record filed with this court. The State attached a copy of the affidavit to its response to our show cause order.

This court may not look beyond the notice of appeal in determining its jurisdiction. See Johnson v. State, 84 S.W.3d 658, 660 (Tex.Crim.App.2002); State v. Gon-zales, No. 04–03–00172–CR, 2003 WL 22492474, *2 (Tex.App.-San Antonio Nov.5, 2003, no pet.) (not designated for publication). Because the certification required by article 44.01(a)(5) was not contained in the State's notice of appeal, it did not invoke our jurisdiction. Therefore, we are required to dismiss this appeal. See Riewe, 13 S.W.3d at 411, 414.