**The STATE of Texas, Appellant,**

v.

**Craig Hill JOHNSON, Appellee.**

No. PD–1387–04.

Court of Criminal Appeals of Texas.

June 8, 2005.

George Scharmen, San Antonio, for Appellant.

Matthew Paul, State's Atty., Matthew Paul, State's Atty., Austin, for State.

### OPINION

HERVEY, J., delivered the opinion for a unanimous Court.

Article 44.01(a)(5), TEX.CODE CRIM. PROC., provides:

> (a) The state is entitled to appeal an order of a court in a criminal case if the order:
>
> (5) grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case . . .

In this case, the State timely filed a notice of appeal showing its desire to appeal from an order granting appellee's motion to suppress evidence. Attached to the State's notice of appeal was the elected district attorney's affidavit certifying to the trial court that the appeal was not taken for the purpose of delay and that the suppressed evidence was of substantial importance in the case. The Court of Appeals dismissed the State's appeal because this certification was not in the State's notice of appeal. *See State v. Johnson,* 143 S.W.3d 219, 220 (Tex.App.-San Antonio 2004). We exercised our discretionary authority to review this decision.[1]

---

1. The grounds upon which we granted review state:

   1) Where the elected district attorney timely files with the trial court clerk the State's notice of appeal and attaches the certification that Art. 44.01(a)(5) requires the State to make to the trial court, is the court of appeals deprived of jurisdiction if the trial court clerk fails to send a copy of the certification to the court of appeals?

   2) Where the elected district attorney timely files with the trial court clerk the State's

TEX.R.APP. PROC. 25.2(a)(1) provides that the "State is entitled to appeal a court's order in a criminal case as provided by Code of Criminal Procedure 44.01." TEX. R.APP. PROC. 25.2(b) provides that an "appeal is perfected by timely filing a *sufficient* notice of appeal." (Emphasis in original). And, TEX.R.APP. PROC. 25.2(c)(2) provides that notice "is sufficient if it shows the party's desire to appeal from the judgment or other appealable order, and, if the State is the appellant, the notice complies with Code of Criminal Procedure article 44.01."

The issue, therefore, is whether Article 44.01(a)(5) requires the certification to be in the notice of appeal. Article 44.01(a)(5) does not require this. *See Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Cr.App.1991) (courts generally construe statutes according to their plain language). It requires only that the State "certif[y] to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case."

The Court of Appeals relied on *Johnson v. State*[2] and *State v. Riewe.*[3] *See Johnson,* 143 S.W.3d at 220. These cases are distinguishable. The problem in *Riewe* was that the State did not timely make the certification required by Article 44.01(a)(5). *See Riewe,* 13 S.W.3d at 409 (certifications were untimely). *Riewe* did not hold that the certification had to be in the notice of appeal. *See id.* And, *Johnson* dealt with the requirements of a defendant's notice of an appeal which did not require an interpretation of Article 44.01. In this case, the State complied with all legal requirements for perfecting its appeal.

notice of appeal and attaches the certification that Art. 44.01(a)(5) requires the State to make to the trial court, is the court of appeals deprived of jurisdiction because the certification is "attached to," not "contained in," the notice of appeal?

The judgment of the Court of Appeals is reversed and the cause is remanded there for further proceedings.

2.  84 S.W.3d 658 (Tex.Cr.App.2002).

3.  13 S.W.3d 408 (Tex.Cr.App.2000).