*Court Of Appeals*
*Fourth Court of Appeals District of Texas San Antonio*




# MEMORANDUM OPINION

No. 04-07-00809-CR

The **STATE** of Texas,
Appellant

v.

Timothy **SALINAS**,
Appellee

From the 218th Judicial District Court, Wilson County, Texas
Trial Court No. 07-01-008-CRW
Honorable Stella Saxon, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:        Alma L. López, Chief Justice
                Karen Angelini, Justice
                Rebecca Simmons, Justice

Delivered and Filed: August 6, 2008

DISMISSED FOR LACK OF JURISDICTION

The State appeals from the trial court's order granting Timothy Salinas's motion to suppress. Because the State did not timely make the certification required by article 44.01(a)(5) of the Texas Code of Criminal Procedure, we dismiss this appeal for lack of jurisdiction.

On July 23, 2007, the trial court granted Salinas's motion to suppress. On August 3, 2007, the State timely filed a notice of appeal. This notice of appeal, however, did not comply with article 44.01 of the Texas Code of Criminal Procedure because the prosecuting attorney did not certify that

the appeal was not being taken for the purpose of delay, nor that the evidence, confession, or admission was of substantial importance in the case. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (Vernon Supp. 2007). Recognizing that it had failed to file a certification, the State filed an amended notice of appeal containing the certification in this Court on December 13, 2007. This amended notice of appeal, however, was untimely filed. *See id.* art. 44.01(d) (requiring the State to make an appeal not "later than the 20th day after the date on which the order, ruling, or sentence to be appealed is entered by the court").

In *State v. Riewe*, 13 S.W.3d 408 (Tex. Crim. App. 2000), the Texas Court of Criminal Appeals addressed this issue of whether the State could file an out-of-time amended notice of appeal to cure a jurisdictional defect in an original notice of appeal. The court of criminal appeals first explained that failure to comply with article 44.01's certification requirement is a substantive defect that deprives a court of appeals of jurisdiction. *Id.* at 411. Thus, a State's notice of appeal that lacks the certification fails to confer jurisdiction on a court of appeals. *Id.* Then, the court of criminal appeals addressed the State's argument that once it filed its amended notice of appeal with the proper certification, the court of appeals retroactively acquired jurisdiction. *Id.* at 412. The court of criminal appeals rejected this argument, holding that once the jurisdiction of a court of appeals is lost, it cannot be retroactively obtained. *Id.* at 413.

Here, the State did not timely file a notice of appeal containing article 44.01's certification, and its untimely filed amended notice of appeal cannot retroactively confer jurisdiction on us. Thus, we have no jurisdiction over this appeal.

We note that in *State v. Johnson*, 175 S.W.3d 766, 766-67 (Tex. Crim. App. 2005), the court of criminal appeals held that article 44.01's certification need not necessarily be contained in a notice of appeal but can be contained in an affidavit attached to the notice of appeal. Here, however,

the State did not timely file any type of certification. Thus, *Johnson* does not apply to this appeal.

We dismiss this appeal for lack of jurisdiction.

Karen Angelini, Justice

Do not publish