

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00136-CR

_____

THE STATE OF TEXAS, Appellant

V.

DAVID COLT REDUS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 25051

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss
.

# MEMORANDUM OPINION

The State of Texas attempts to appeal from the trial court's order granting David Colt Redus' motion to suppress. Redus has filed a motion to dismiss the State's appeal for lack of jurisdiction. Finding we have no jurisdiction over the instant appeal, we dismiss the appeal.

Rule 25.2(a)(1) of the Texas Rules of Appellate Procedure provides that the "State is entitled to appeal a court's order in a criminal case as provided by Code of Criminal Procedure 44.01." TEX. R. APP. P. 25.2(a)(1). Rule 25.2(b) provides that an "appeal is perfected by timely filing a sufficient notice of appeal." TEX. R. APP. P. 25.2(b). A notice of appeal "is sufficient if it shows the party's desire to appeal from the judgment or other appealable order, and, if the State is the appellant, the notice complies with Code of Criminal Procedure Article 44.01." TEX. R. APP. P. 25.2(c)(2). Article 44.01 of the Texas Code of Criminal Procedure provides, in pertinent part, that the

> state is entitled to appeal an order of a court in a criminal case if the order . . . grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case.

TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (West Supp. 2013). Although the State's notice of appeal was timely filed, it failed to include the certification required by Article 44.01(a)(5). The notice states, in pertinent part:

> Pursuant to TRAP Rule 25.2(a) (1) and Tex. Code Crim. Proc. Art. 44.01(a) the State of Texas is permitted to appeal an order that . . . (5) "grants a motion to suppress evidence, a confession or an admission, if jeopardy has not attached in this case and if the prosecuting attorney certifies to the trial court that the appeal is not take [sic] for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case".[sic]

This paragraph is followed by a prayer that the notice be entered of record and is signed by Gary Young, the Lamar County District Attorney.

The State contends this Court has jurisdiction of this appeal because the notice of appeal includes the appropriate certification. We disagree. The notice includes a quotation of Article 44.01(a)(5) of the Texas Code of Criminal Procedure, but fails to include a certification from the prosecuting attorney that the appeal is not taken for the purpose of delay and that the evidence is of substantial importance to the case. A recitation of the pertinent Code provision does not amount to a certification, as required by Article 44.01(a)(5).

Alternatively, the State contends that its certification is evidenced in the record.[1] We reject this contention. First, there is no authority to support the proposition that prosecutorial comments or representations to the trial court on the record can fulfill the statutory certification requirements. Second, even assuming the existence of such authority, the comments recited in the record do not comport with the requirements of the statute.

---

[1]The following exchange is quoted from the hearing on the motion to suppress evidence:

> MR. YOUNG: Judge, for future purposes, obviously we're going to appeal this --
>
> THE COURT: Sure.
>
> MR. YOUNG: -- as are -- It's going to be appealed across the State either from the defendant or from the State.
>
> THE COURT: Right.
>
> MR. YOUNG: Ultimately the Court of Criminal Appeals is going to answer this question. . . .

The State next contends that, even if it failed to comply with the statutory certification requirements, this Court nevertheless has jurisdiction over this appeal because the trial court's order amounted to a partial dismissal of the indictment. As such, Article 44.01(a)(1) of the Texas Code of Criminal Procedure applies. Article 44.01(a)(1) provides that "The state is entitled to appeal an order of a court in a criminal case if the order . . . dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint." TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1) (West Supp. 2013). The Redus indictment alleges,

> David Colt Redus on or about May 27, 2012 in the County of Lamar and State of Texas, did then and there operate a motor vehicle in a public place while intoxicated, and did by reason of such intoxication cause the death of another, namely: Billy White, through accident or mistake, namely: by failing to yield at a controlled intersection and/or the speed of the motor vehicle operated by the Defendant. . . . during the commission of the above described felony, the said Defendant did use or exhibit a deadly weapon, to-wit: a motor vehicle, that in the manner of its use or intended use was capable of causing death or serious bodily injury.

The trial court's order states that the following matters shall be suppressed from introduction at trial of this cause:

> Any and all blood evidence drawn from David Colt Redus seized by law enforcement officers or others in connection with the detention and arrest of Redus in this case or in connection with the investigation of this case, including but not limited to blood drawn from Redus, and any testimony by the law enforcement or any other law enforcement officers or others concerning such evidence.

The State maintains the trial court's order "was essentially a partial dismissal of the indictments . . . because it effectively foreclosed the State from proceeding with the indictments under which it wished to proceed." In support of this proposition, the State relies on *State v. Moreno*, 807 S.W.2d 327, 333 n.7 (Tex. Crim. App. 1991). In that case, the State appealed after the trial court

4

quashed the indictment. Because the trial court's order effectively terminated the proceedings, the State was permitted to appeal. Here, the suppression order does not terminate the proceedings against Redus, who can be tried for the charged offense, albeit without evidence of blood-alcohol content.

The State also relies on *State v. Rosseau*, 398 S.W.3d 769, 777–78 (Tex. App.—San Antonio 2011), *aff'd*, 396 S.W.3d 550 (Tex. Crim. App. 2013). In that case, the court permitted the State's appeal to proceed under Article 44.01(a)(1) of the Texas Code of Criminal Procedure when the trial court declared the bigamy statute to be facially unconstitutional. *Rosseau*, 396 S.W.3d at 554–55. The defendant was indicted for twenty-nine counts of sexual assault of a child. Each count contained an allegation based on the bigamy provision, which, if proved, would elevate each sexual assault count from a second degree felony to a first degree felony. The motion to quash was granted in part, striking the bigamy provision from each of the twenty-nine sexual assault counts. The State had the right to appeal the trial court's order quashing a portion of the indictment, and thus the appellate court had jurisdiction to entertain the State's appeal under Article 44.01(a)(1) of the Texas Code of Criminal Procedure.

*Rosseau* involved striking portions of the indictment. The defendant could then only be charged with second degree felonies. Here, the trial court's order did not affect the indictment. Regardless of the order, this case can proceed to trial on the present indictment. Because the suppression order is not tantamount to a partial dismissal of the indictment, Article 44.01(a)(1) does not apply.

5

The State's next argument in favor of appellate court jurisdiction rests with a concurrence in *Karenev v. State*, 281 S.W.3d 428 (Tex. Crim. App. 2009), in which Justice Cochran wrote that "[a]ppellate courts are in at least as good a position as trial courts to review the purely legal question of whether a particular penal statute is facially unconstitutional." *Id*. at 438. The State urges this Court to accept this case to review the purely legal question involving the constitutionality of the implied consent and mandatory blood-draw statute(s), as that argument was raised in the trial court. This argument misses the mark, as it lacks any basis in theTexas Rules of Appellate Procedure or the Texas Code of Criminal Procedure addressing State's appeals.[2]

Finally, the State relies on its counter-motion to amend its notice of appeal pursuant to Rule 25.2(f) of the Texas Rules of Civil Procedure. This Rule provides:

> (f) Amending the Notice or Certification. An amended notice of appeal or trial court's certification of the defendant's right of appeal correcting a defect or omission in an earlier filed notice or certification, including a defect in the notification of the defendant's appellate rights, may be filed in the appellate court in accordance with Rule 37.1, or at any time before the appealing party's brief is filed if the court of appeals has not used Rule 37.1. The amended notice or certification is subject to being struck for cause on the motion of any party affected by the amended notice or certification. After the appealing party's brief is filed, the notice or certification may be amended only on leave of the appellate court and on such terms as the court may prescribe.

TEX. R. APP. P. 25.2(f). The certification required by Article 44.01(a)(5) is necessary to confer jurisdiction over the appeal in the appellate court, *see State v. Riewe*, 13 S.W.3d 408, 411 (Tex. Crim. App. 2000), and it must be filed within the twenty-day period the State has to file its notice

---

[2]The State further contends this Court has jurisdiction to review this case either pursuant to our civil jurisdiction, as a matter of equity, or because the issue of jurisdiction has been waived. These arguments lack merit.

of appeal. *See Johnson v. State*, 175 S.W.3d 766, 767 (Tex. Crim. App. 2005); *Riewe*, 13 S.W.3d at 413; *see also* TEX. R. APP. P. 26.2(b) (notice of appeal by State must be filed within twenty days after date trial court enters order to be appealed).

*Riewe* resolves the issue of whether the notice may be amended at this late date to include a proper certification. In that case, the State filed a notice of appeal which did not satisfy the certification requirements in Article 44.01 of the Texas Code of Criminal Procedure. *Riewe*, 13 S.W.3d at 409. After the time for filing the notice expired, the State filed a request to amend its notice of appeal and an amended notice containing the necessary certification. The Dallas Court of Appeals denied the request and dismissed the State's appeal for want of jurisdiction.

The high court held that the State did not invoke the jurisdiction of the court of appeals by its original notice of appeal because the notice did not contain two statutorily required certifications that (1) the appeal was not taken for delay and (2) the evidence suppressed by the trial court was of "substantial importance" in the case. *Id*. at 411–13. The court further held that, when the original notice of appeal fails to confer jurisdiction on the court of appeals, an amended notice of appeal containing the previously omitted certifications cannot retroactively confer jurisdiction on the court of appeals. *Id*. at 413. Specifically, the court states,

> It is true that Rule 25.2(d) allows an amendment to a notice of appeal. But when the Legislature granted this Court rule-making authority, it expressly provided that the rules could not abridge, enlarge or modify the substantive rights of a litigant. And our case law prevents a court of appeals from using an appellate rule to create jurisdiction where none exists. It does not matter which appellate rule the court of appeals attempts to use, be it former Rule 83, former Rule 2(b), or current Rule 25.2(d). The point is that, once jurisdiction is lost, the court of appeals lacks the power to invoke any rule to thereafter obtain jurisdiction. Even a claimed deprivation of constitutional rights cannot confer jurisdiction upon a court where none exists, anymore than parties can by agreement confer

jurisdiction upon a court. So any amendments made pursuant to Rule 25.2(d) cannot be jurisdictional amendments.

*Id*. at 413–14 (emphasis added) (footnotes omitted).

When a court of appeals permits the State to amend its notice of appeal after the time-frame set forth in the Rule, it impermissibly uses the Rules to "create a jurisdictional-enlarging procedure neither expressly contained nor implicated by the literal text of the statute." *State v. Muller*, 829 S.W.2d 805, 813 (Tex. Crim. App. 1992); *see Bayless v. State*, 91 S.W.3d 801, 804–05 (Tex. Crim. App. 2002).

According to *Riewe*, only nonjurisdictional amendments are permitted under Rule 25.2. The amendments the State must make to its notice of appeal are jurisdictional amendments. Because the State's original notice of appeal did not initially confer jurisdiction on this Court, this Court cannot now accept an amended notice to obtain jurisdiction retroactively. *See Riewe*, 13 S.W.3d at 413–14.

Accordingly, we dismiss this appeal for want of jurisdiction.

<br>

Josh R. Morriss, III
Chief Justice

Date Submitted:     November 26, 2013
Date Decided:      November 27, 2013

Do Not Publish

8